### LEWIS H. WENDELL *vs.* REUBEN BAXTER & others.

In an action against the proprietors of a wharf for injuries occasioned by a defect therein to a person upon it in the employment of a third party to whom the wharf was let, the jury were instructed that if the defendants had established the wharf for the uses of the public for a reasonable compensation, they were bound to keep it safe for such use; and if the plaintiff, when properly on the wharf, in the exercise of reasonable care and diligence, sustained injury through a defect in the wharf, he was entitled to recover, unless the defect was so hidden and concealed that it could not be discovered by such examination and inspection as the construction, uses and exposures of the wharf reasonably required; and if the defendants knew that causes rendering the wharf insecure were constantly or occasionally in operation, which they could by the exercise of ordinary diligence and care provide against, they ought to do so. *Held,* that the defendants had no ground of exception.

ACTION OF TORT against the owners of a wharf in Nantucket, for injuries occasioned to the plaintiff's horse by a defect therein.

At the trial in the court of common pleas at Nantucket, before *Bishop,* J., it appeared that the wharf was private property, and had for many years been used as wharves generally are by persons having occasion to moor ships or land goods or passengers from vessels or steamboats, paying compensation for wharfage or dockage according to custom or agreement; that part of the wharf was let by the defendants to the Nantucket and Cape Cod Steamboat Company, for the use of their steamboat, which brought the United States mail to Nantucket; and that the plaintiff was employed by them to carry the mail bags in his wagon from the steamboat to the post office, and was backing his horse and wagon upon that part of the wharf, when

the hind feet of the horse broke through the surface of the wharf, and the horse was injured.

The defendants asked the court to instruct the jury " that the owners of a private wharf were not bound in law to keep it in repair, although they permitted it to be used by the public for the usual purposes of a wharf and for compensation ; that if they were under any legal obligation to keep it in repair, such obligation existed only between themselves and the parties with whom they contracted, and to whom they let their wharf; and that the plaintiff, although rightfully upon the wharf, was not there in such way as to make the owners of the wharf liable in law to pay him for injury received, although such injury might result from a defect therein."

But the judge declined so to instruct the jury ; and instructed them " that if they were satisfied that the defendants had established the wharf for the use of the public, and invited the public to use it for reasonable compensation, they were bound to keep the wharf safe for the uses for which it was made and erected at that place; that if the plaintiff, being properly on the wharf in the prosecution of his business, and in the exercise of reasonable care and diligence, sustained the injury alleged through a defect in the wharf, he was entitled to recover, unless the defect was latent, and so hidden and concealed that it could not be discovered by such examination and inspection as the construction, uses and exposures of the wharf reasonably required ; that if the defendants knew that causes rendering the wharf insecure were constantly or occasionally in operation which they could by the exercise of ordinary diligence and care anticipate and provide against, they were required to do so." The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*T. D. Eliot*, for the defendants, cited *Howland* v. *Vincent*, 10 Met. 374 ; *Spear* v. *Cummings*, 23 Pick. 225 ; *Dutton* v. *Gerrish*, 9 Cush. 89 ; *Foster* v. *Peyser*, 9 Cush. 242 ; *Pittsburgh City* v. *Grier*, 22 Penn. State R. 54 ; *Linfield* v. *Old Colony Railroad*, 10 Cush. 568 ; *Hartwell* v. *Roper*, 21 Wend. 615 ; *Rich* v. *Basterfield*, 4 C. B. 800 ; *Lancaster Canal* v. *Parnaby*, 11 Ad. & El. 243

*L. F. Brigham,* for the plaintiff.

METCALF, J. The court are of opinion that there is no legal ground of exception to the instructions which were given to the jury. The defendants owned a wharf in Nantucket, and let a part of it to a steamboat company that transported the mail. That company employed the plaintiff to take the mail bags from the boat and convey them to the post office. He therefore was rightfully on the wharf, with his horse and cart, in the prosecution of his business, when his horse was injured. Access over the wharf to the boat, and from the boat over the wharf, for the purpose of lading and unlading the boat, was the undoubted right of all persons who had occasion for such access.

On the foregoing facts, and others which the jury must have found under the instructions which they received, the defendants are answerable to the plaintiff. *Mayor & Burgesses of Lyme Regis* v. *Henley,* 3 B. & Ad. 92, 93. *Pittsburgh City* v. *Grier,* 22 Penn. State R. 54. They were legally bound to exercise (at least) ordinary diligence to keep their wharf safe for those who had a right to pass over it; as an innkeeper is bound to keep the access to his inn, and the passages and apartments in it, safe for those who may wish to enter, or who have entered it legally. The jury have found that the defendants did not exercise such diligence.

It has been argued for the defendants, that if they were legally bound to keep their wharf in repair, they were so bound only in favor of those with whom they, as owners, contracted or dealt, and that they had no contract with the plaintiff. But the plaintiff's right of action arises from the duty which the law imposed on the defendants to keep their wharf safe, so long as they should permit it to be open and used, and not from any contract between them and him. *Collett* v. *London & Northwestern Railroad,* 16 Ad. & El. N. R. 984, 989.

It has also been argued, that the instructions did not accurately limit the defendants' liability; that the jury were first instructed that the defendants were bound to keep the wharf safe for the uses for which it was made; although it might have been impossible to keep it safe, because the action of the sea

might, in one night, have rendered it unsafe, without their knowledge or their power seasonably to apply a remedy. But that instruction was general, and was not intended to state the extent or the limits of the defendants' obligation. Certainly it cannot be understood to mean that the defendants were bound at all events to keep the wharf continually in repair, and that they would be liable for any injury received through want of its safety, however and whenever such want should be caused. And the last part of the instructions limited the defendants' duty and obligation, in this case, to the exercise of ordinary diligence, and also limited their liability to the want of ordinary diligence. Of this limitation the defendants, surely, have no cause to complain. In the case of *Pittsburgh City* v. *Grier*, above cited, the court said the owners of the wharf were held to " the utmost care " of it. *Exceptions overruled*