NEW-YORK,
May, 1817.

John Sharp, *survivor of* Robert Sharp, *against* The United Insurance Company of the city of New-York.

SHARP
v.
Unit. Ins. Co.

THIS was an action brought to recover back a premium which had been paid by the plaintiff to the defendants, for the insurance of the ship *Hercules*, on a voyage from *New-York* to *Liverpool*, and back to *New-York*. The declaration contained a count for money had and received, and other common counts in *assumpsit ;* to which the defendants pleaded the general issue. The cause was tried before Mr. Justice *Yates*, at the *New-York* sittings, in *November*, 1816.

In an action to recover back a premium of insurance, on the ground that the plaintiff had no interest in the vessel at the time the insurance was made, the register, which was in the name of other persons, is not even *prima facie* evidence to show that the plaintiff was not the owner of the vessel.

The policy of insurance was executed on or about the 24th of *October*, 1810, when it bore date, (after a written application to the defendants by the plaintiff and *Robert Sharp*,) and purported to be on account of the plaintiff and *Robert Sharp.* A note for the premium, amounting to 1,801 dollars and 25 cents, bearing the same date with the policy, and payable in nine months, was drawn by *Robert* and *John Sharp*, and endorsed by *David Dunham*, which note, after having been twice renewed, was paid, on or about the 2d of *April*, 1812. In order to show that the plaintiff, at the time of effecting the insurance, had no interest in the vessel, a certificate of registry was produced in evidence, which was admitted by the defendant's counsel as sufficient proof of the registry, but its admissibility as proof of the ownership of the vessel was objected to ; the judge, however, allowed it to be read in evidence. This certificate was dated the 22d day of *June*, 1809, and stated that *David Dunham*, of the city of *New-York*, had taken the oath required by the act of congress concerning the registering or recording of ships or vessels, and had sworn that he, together with *Robert Sharp*, of said city, merchant, were the only owners of the ship *Hercules*. It was admitted that there had been no change of the registry until after the termination of the voyage insured.

The defendant's counsel moved for a nonsuit, on the ground that the register was not sufficient proof of the ownership of the vessel; that there was no sufficient proof of the payment of the premium by the plaintiff and *Robert Sharp ;* that by their application for insurance, and accepting the policy, they had admitted themselves to be owners; and that the acts of the

NEW-YORK,
May 1817

SHARP
v.
UNIT. INS. Co.

plaintiff, and *Robert Sharp* and *David Dunham*, in making the insurance and giving and endorsing the note for the premium, and paying the same after the termination of the risk, recognised and admitted the 'ownership of the vessel to have been in the plaintiff and *Robert Sharp* at the time of effecting the insurance. The judge, however, denied the motion, and a verdict was found for the plaintiff for the amount of the premium, with interest, from the date of the policy. The defendants moved for a new trial.

*S. Jones*, jun., for the defendants, contended, 1. That the *register* alone was not sufficient evidence of ownership in *David Dunham* and *Robert Sharp*, at the time the insurance was effected. The act of congress for the registry of vessels, is solely for the purpose of giving them a national character, and constituting them *American* ships. In *England*, the *register* is not even *prima facie* evidence of ownership. In *Frazer* v. *Hopkins and Long*,* Sir *James Mansfield* held that entries in the custom-house books of the persons registered as owners of a ship, were not evidence of ownership; and in *Flower* v. *Young*,† Lord *Ellenborough* held the same doctrine. So the court of C. B., in the case of *Pirie* v. *Anderson*,‡ decided that, in an action on a policy of insurance, the certificate of registry was no evidence for the plaintiff that the interest in the ship was in the persons in whom it was averred, and in whose names the insurance was effected. The property in a ship is transferred by the bill of sale, and that, with the certificate of registry, or possession of the ship, must be shown, to support the averment of interest in the plaintiff.§ The name of the true owner is not always inserted in the register of the ship.‖ An equitable or qualified interest may be insured; and proof of such an interest will support the action on the policy. The question in this case is, what is proper evidence of an insurable interest; not what is a legal, or technical ownership.

The certificate of registry was not sufficient evidence, then, of a want of interest in the assured to entitle them to a return of the premium.

2. Acts of ownership are sufficient evidence of interest; and the very act of making the insurance is proof of ownership.

3. It was a fraud in the plaintiffs to represent themselves as owners, and obtain insurance as such, knowing, at the time,

* 2 *Campb.* N. P. *Cases.* 170. S. C 2 *Taunt.* Rep. 5

† 3 *Campb* N. P. 240. 5 *Peake's Evid* 406.

‡ 4 *Taunt.* Rep. 652.

§ *Hubbard* v. *Johnston*, 3 *Taunt.* Rep. 177. 8 *East.* 10. 13 *East.* 23. 14 *East.* 226

‖ 14 *East.* 226.

that it was not the fact. Can a person who effects insurance, with full knowledge that he has no interest, recover back the premium on the ground of a want of interest?

4. If the registry was evidence, the plaintiffs could recover only in proportion to the interest proved by the register.*

NEW-YORK,
May, 1817.

SHARP
v.
UNIT. INS. Co.

* Murray and Ogden v. Col. Ins. Co. 11 Johns. Rep. 302.

*Caines,* contra, contended that the certificate of registry was, at least, *prima facie* evidence of ownership. It is made so by statute; the acts of congress relative to the registry of ships, require certain acts to be done to entitle the party to this evidence of ownership. The privileges of the *American* character, conferred by the certificate of registry, cannot be obtained without an affidavit of the ownership.† The collector keeps, in a book, a record or registry of the facts, of which the certificate is an abstract. In the case of the *United States* v. *Johns,*‡ the circuit court of the *United States,* for the district of *Pennsylvania,* decided that, as it was made the duty of the collector to record, in a book, all manifests, a copy of the manifest, under the hands and seals of the custom-house officers, was admissible evidence. *Philips,* in his treatise on evidence,§ lays it down as settled law, that the certificate of registry of a ship, is conclusive evidence of want of title against those who are not named in the register; that they cannot *legally* be joint owners, though the converse of the rule may not be true. In *Curtis* v. *Perry,*‖ Lord *Eldon* held, that where a ship is registered as the sole property of one of two partners, must be deemed the property of the one in whose name she was registered, as among creditors, in a case of bankruptcy. In *Murray* v. *The Columbian Insurance Company,* the register was produced.

† Woods v. Courter, 1 Dallas' Rep 141 Laws of U. S. 133. 2d Cong. sess 2 ch I. sect. 4 s. 9.
‡ 4 Dallas' Rep. 412.

§ Pp. 308, 309.

‖ 6 Vesey, jun. Rep. 739.

Again; where no risk has been begun, whether it be owing to the fault, pleasure, or will of the insured, or to any other cause, except fraud, the premium must be returned.** Misrepresentation, without fraud, is nothing.

If a vessel is insured as the property of B., and it turns out that he has no interest, but the ship belonged to A., an action lies to recover back the premium.††

** Marsh on Ins. 654 Doug. 271. Comp. 666·

†† Steinbach v. Rhinelander, 3 Johns. Cas. 269.

SPENCER, J., delivered the opinion of the court. The plaintiff seeks to recover back the premium of insurance on the ship *Hercules,* on a voyage from *New-York* to *Liverpool,* on the allegation, that he and his brother *Robert Sharp* were not owners

NEW-YORK,  when the policy was effected.  To prove this, the plaintiff of-
May 1817.  fered in evidence the register of the ship, dated the 2d of *June*,
TAYLOR  1809, by which it appears, on the oath of *David Dunham*, that
v.  he, together with *Robert Sharp*, were the owners; the policy
MARSHAL.  bears date the 24th of *October*, 1810.

The only question in the case is, whether the register is evi-
dence, *prima facie*, that *Robert* and *John Sharp* were not the
owners.  The object of the register is, to show the character of
a vessel, and to entitle her to the advantages secured by law to
vessels of our own country.  It was granted, on the oath of one
of the owners, and there can be no reason for admitting this as
proof of ownership, to contradict the fact set up by the act of
procuring an insurance on the same ship, as owned by different
persons.  It would be incongruous to allow a person who applies
for an insurance on a ship, representing himself to be the owner,
to set up the act of obtaining a register, as evidence to the con-
trary; especially, after the lapse of several months after it bears
date.  *Dunham* was a competent witness, and he ought to have
been examined, or some proof should have been offered, to
show how the ownership stood, when the insurance was effect-
ed.  The oath of the owner, in obtaining a register, is proof
for no other purpose.  The register would not be evidence
against *Sharp*, unless it were shown that he sanctioned, or
adopted it.  The principles adopted by the court in this case,
are fully supported by authorities.  (4 *Taunton Rep.* 651.  2.
*Taunt. Rep.* 5.  2 *Campbell*, 107.  3 *Cowp.* 240.  3 *Taunt. Rep.*
176.  8 *East*, 10.  4 *East* 130.  14 *East*, 226.  16 *East*, 169.)
There must be a new trial, with costs, to abide the event of the
suit.

New trial granted.