OLIVER BRYAN *and others*, *v.* CHARLES S. P. BOWLES.

The registry of a vessel at the Custom House is *prima facie* evidence to charge a person as owner only where he is connected with its procurement, or in some way adopts it as his act.

Where he actually procures such registry, and makes affidavit stating that he is owner, it is evidence to charge him, although it may be rebutted.

Where a bill of sale, absolute on its face, bore date, June 1856, and the registry pursuant thereto was made December, 1857, evidence to show that the bill of sale was by way of mortgage, and did not take effect absolutely till the later date, and that the vendee did not enter into possession until such later date, is proper, and should be admitted to rebut the presumption of ownership, in an action to charge the mortgagee as owner of the ship.

This was an action commenced in the Marine Court, to charge the defendant for certain supplies furnished to the brig Ida Raynes, in the month of September, 1857. The defendant denied that in the month of September, 1857, he was the owner of the brig, or promised to pay for such supplies. On the trial, the plaintiff offered in evidence the registry of the brig, dated March 7th, 1857, and also an affidavit of ownership, made December 21, 1857, by the defendant. Also a bill of sale absolute on its face, from the former owners of the brig, dated June 27th, 1856. They also proved the delivery of the articles. Some evidence was given to prove a promise by the defendant to pay for the articles. The defendant objected to the admission of the papers above named in evidence, but the objections were overruled.

Bryan v. Bowles.

The defendant moved for a non-suit, which was denied, and thereupon offered in evidence proof that the defendant was not the beneficial owner till October, 1857, and a defeasance made by defendant to the former owners, also proof that he had not employed the sailors or taken possession from that time.

The Court excluded the defeasance and also certain evidence tending to show that the former owners exercised acts of ownership over the ship.

The justice found that the defendant was the owner, and as such, liable. On appeal, the General Term sustained the judgment, and the defendant appealed to this Court.

*Osborn E. Bright*, for appellants.

I. The motion for a nonsuit should have been granted. The plaintiffs had failed to show that the defendant had any beneficial interest in the vessel. The registry raises no presumption of ownership, nor of liability for supplies. The object of the registry is merely to show the national character of the vessel; and the documentary title at the Custom House in one person, may well consist with the possession and control of the vessel in another. 1 Greenl. Evidence, § 494; *Leonard* v. *Huntington*, 15 Johns. 298; *Mackenzie* v. *Pooley*, 34 Eng. Law and Eq. 486. There is no pretence that the supplies were furnished on the faith of this registry. To impose liability for these supplies upon the defendant, it must be shown that *credit* for them was given him (Abbott on Shipping, 40, 41, seventh Am. ed.). It appears affirmatively (fol. 38), that the credit was not given to him. The alleged promise of the defendant to pay for the supplies was without consideration, and is conditional.

II. The evidence offered to show who was in possession and control of the vessel, and who was the beneficial owner, and by whom the contract for these supplies was made, should have been admitted. Such facts are the only tests of liability (Abbott on Shipping, 48, 7 Johns. 308.)

The ruling of the Court was erroneous, as respects evidence of ownership. *Sharp* v. *U. S. Ins. Co.*, 14 Johns. 201. And it was erroneous in seeking to make the defendant's affidavit operate as an estoppel. *Dazell* v. *Odell*, 3 Hill, 219.

Bryan v. Bowles.

The exclusion of the defeasance was also erroneous. The defendant had the right to show that the bill. of sale was a mortgage. As mortgagee, not in possession, he was not liable. *Birbeck* v. *Tucker*, 2 Hall, 121 ; *Ring* v. *Franklin*, 2 Hall, 1 ; Abbott on Shipping 52 ; *Brooks* v. *Bonsey*, 17 Pick. 441 ; *McIntyre* v. *Scott*, 8 Johns. 159.

*Benedict, Burr & Benedict*, for the respondents.

BY THE COURT.—HILTON, J.—The plaintiffs' right to recover depended upon their establishing that the supplies were furnished upon the credit of the vessel, and that at the time the defendant was owner.

The evidence on their behalf showed that the supplies were furnished in September, 1857, to the vessel, upon the order of her captain, and afterwards, while the vessel was at sea, on the bill being presented to the defendant, he promised to pay it when the captain arrived and saw the papers. Also, that in June, 1856, a bill of sale of the vessel was made and delivered to the defendant, by Deagreda, Jove & Co., the then owners, and upon which, in December, 1857, he procured her to be registered at the Custom House, in. his name, by making an affidavit that he was .the true and only owner, and that no other person was directly or indirectly interested in her by way of trust, confidence, or otherwise ; the affidavit and claim of ownership therein referred to, having been made, as was shown, with reference to the bill of sale, which upon its face was absolute and unqualified.

In opposition to the case thus made out, the testimony of the defence was in substance, that at the time the supplies were ordered by the captain, he was accompanied by the general ship agent, or as he calls himself, the port admiral, of Deagreda, Jove & Co.; but the captain gave his own orders. That the captain and owner were employed by Deagreda & Co., but the defendant subsequently paid them, and also paid the bill of the port admiral referred to, for the month of September, 1857. That the bill of sale was taken as collateral security for an indebtedness of Deagreda & Co. to the defendant, which they failed to pay, and on their becoming insolvent,· and. making to the defendant a general assignment, in October, 1857, he be-

came, as he says, "in good faith, the actual owner of the vessel," claiming to be such under the transfer in June, 1856, and not under the assignment. He also testified that, to the best of his "knowledge, recollection and belief," he never promised to pay the plaintiffs' bill.

Upon this evidence, the case presented substantially but a single question of fact for the determination of the Justice, and that was, whether, at the time the supplies were furnished, the defendant was the owner of the vessel? The Justice has found this question in the affirmative, by giving judgment against the defendant, and I am unable to perceive any sufficient ground for interfering with his decision, unless some of the defendant's exceptions to the admission or exclusion of evidence offered at the trial are to be regarded as material. Such of those as may be considered of sufficient importance to require examination, I will now advert to in the order in which they are presented in the case.

1. As to the introduction of the registry of the vessel at the Custom House, with the affidavit of the defendant, upon which registry was applied for and procured. .

There can be no doubt, that without proof to connect the party with the register, as being his direct or adopted act, it has been frequently held not to be even *prima facie* evidence to charge him as owner (*Sharp* v. *United Ins. Co.*, 14 Johns. 201; *Leonard* v. *Huntington*, 15 *Id.* 299; *Fraser* v. *Hopkins*, 2 Taunt. 5; *King* v. *Franklin*, 2 Hall, 1, 20; 3 Kent, 150); but it is otherwise when he is connected with its procurement. It then becomes competent proof, and like any other act or claim of ownership of the party, may be admitted in evidence. Here it was not denied, indeed it was conclusively shown, that the defendant not only personally procured the registry, but in addition, made an affidavit stating that he was such actual owner, and the Justice did right, therefore, in admitting the evidence. Although not conclusive, yet it was some proof bearing upon the question of ownership, and was entitled to be considered by the Justice, in arriving at his determination upon that branch of the case.

2. The defendant offered to show in substance, by several questions put to the witness Bushman, that prior to October, 1857, the vessel was in the actual possession of Deagreda & Co.,

Bryan v. Bowles.

and was under their control and management for the voyage in respect to which the supplies were furnished; but the Judge excluded the proof, holding that the .Custom House register was evidence of ownership, and that the defendant could not contradict his affidavit upon which the registry was procured.

The Judge also, at a subsequent stage of the trial, excluded a written defeasance given by the defendant to Deagreda & Co., at the time of receiving the bill of sale, which the defendant offered in evidence, to show that the bill of sale was only to be held as a mortgage.

I think the exclusion in each instance was clearly erroneous. The evidence offered might have had the effect of overcoming the case made by the plaintiffs, absolving the defendant from liability, by showing that the bill of sale was in effect, a mortgage executed as collateral security for the payment of a debt; that the supplies were furnished to the vessel before the defendant had taken possession, and while the register remained in the name of Deagreda & Co., the mortgagors, who had the control and management of her. The defendant's affidavit, upon which he procured the registry, did not work an estoppel against proof of this character, and it should not have been considered. *McIntyre* v. *Scott*, 8 Johns. 159; *Champlin* v. *Butler*, 18 *Id*. 169; *Jackson* v. *Vernon*, 1 H. Black. 114; *Chinnery* v. *Blackburn*, *Id*. 117; *Thorn* v. *Hicks*, 7 Cow. 697. A mortgagee of a vessel out of possession, cannot be held for supplies furnished upon the order of the master acting under the mortgager, when he does not receive the profits of the voyage, and the credit is not in fact given to him. *Heskith* v. *Stevens*, 7 Barb. 488; *King* v. *Franklin*, 2 Hall, S. C. 1; *Birbeck* v. *Tucker*, *Id*. 121; 3 Kent Com. 139. It is otherwise, however, when he has taken possession and procured a register in his name, and supplies are thereafter furnished upon the credit of the vessel and owners. *Miln* v. *Spinola*, 4 Hill, 177; S. C. affd. 6 *Id*. 218; Abbott on Shipping, 7 Am. ed. 51 and note.

Judgment reversed.