By the Court:

Monell, J.
We cannot disturb the verdict in this case.
The two main questions submitted to the jury, and determined- by them against the defendant, are conclusive, if there is any evidence to sustain them.
The verdict is general, and we must assume that the jury found that, at the time of the settlement with Hull, the defendant knew or had sufficient notice, or reason to believe, that Hull was not a partner, and had no interest in the claim for services.
*207 At the commencement of the litigation against the Petroleum Company, and until after the decision of the General Term reversing the judgment of the referee, the plaintiff and Hull had held themselves out, as well to the defendant as to the public, as copartners. - But after the appeal had been taken to the Court of Appeals, the plaintiff, as he testified, said to the defendant that he had found it necessary to dismiss Hull from his office. Subsequently, when the defendant was present, the plaintiff said to Hull, “ Why, Hull, you have no interest in this matter; you well know you never hadand Hull replied, “ * * * now I renounce all possible claim I may have or ever have had in this matter of Hr. Otter.” The settlement with Hull was made after that conversation.
Although contradicted by the defendant and Hull, it was, nevertheless, competent evidence for the jury, and if they believed it, was sufficient to authorize them to find that, previous and at the time of the settlement, the defendant neither knew nor had reason to believe that Hull had any interest in the claim.
With such knowledge his settlement with Hull was wrongful, and is no defense to the plaintiff’s action.
The proof of the value of the services was also conflicting. There were, substantially, only two witnesses who testified, one for and the other against the amount claimed by the plaintiff. Between them the jury have judged.
The motion for a "nonsuit was properly denied. At that stage of the trial, if not afterwards, the questions of partnership and of notice to the defendant were proper questions for the jury, or were, prima facie, sufficient to authorize a recovery by the plaintiff.
The evidence to explain the written agreement was properly admitted. Any instrument, although absolute on its face, may be shown by parol to be a security only (McBurney v. Wellman, 42 Barb., 390; Bryan v. Bowles, 1 Daly, 171; Tibbs v. Morris, 44 Barb., 138; Despard v. Walbridge, 15 N. Y. R., 374; Hodges v. Tenn. Ma. Ins. Co., 8 id., 416).
I am inclined to think that, if I had sat as a juror in this case, *208 I should have hesitated long before agreeing to a verdict for the plaintiff. The evidence on his part was very slight, and in every essential particular distinctly contradicted.
But as it was a proper case for the jury, we cannot disturb their verdict.
Judgment and order should be affirmed, with costs.