RILEY READ, Appellant *v.* MOSES H. NICHOLS et al., Respondents.

In an action to recover damages occasioned by a fire, alleged to have been caused by the negligence of defendants, which destroyed two buildings owned by plaintiff, evidence offered by plaintiff for the purpose of proving the amount of damages by the destruction of one of them, was excluded on the ground that, as to that building, defendants alleged negligence was not the proximate cause of such burning. A general verdict was rendered for the defendants. *Held,* that as the verdict exculpated defendants entirely from the charge of negligence the rejection of evidence as to the amount of damages, even if erroneous, could not have prejudiced plaintiff, and so, was not a ground for reversal.

It appeared from the evidence that a strong wind carried sparks from a smoke-stack belonging to defendants past the buildings in question to the roof of a building 280 feet distant from the smoke-stack, setting it on fire; the village in which the buildings were located had no fire apparatus, and there were no means of reaching the fire; after the building commenced to burn, the wind died down and changed its course; the fire communicated to another building north and thence across a street to a barn of plaintiff, then a building north of the one first set on fire was burned, and from it the fire spread to and destroyed the building as to which the testimony was excluded. *Held,* that the ruling of the court was proper; that the alleged negligent act was not the proximate cause of the loss.

*Webb* v. *R. W. & O. R. R. Co.* (49 N. Y. 420); *Pollett* v. *Long,* (56 id. 200); *Lowery* v. *M. R. Co.* (99 id. 158), distinguished.

At the close of the evidence, plaintiff's counsel presented to the court thirteen separate requests to charge. Some were charged as requested, some in a modified form and others refused. At the close of the charge plaintiff's counsel stated that he excepted, "to the refusals to charge as requested by plaintiff's counsel in so far as the court did refuse and to each of the refusals to charge as requested." *Held,* that this exception was not sufficiently definite and specific to present a question for review.

Five written propositions were submitted by the court to the jury with instructions that each should be answered as they determined the fact to be. Plaintiff's counsel excepted to such submission. Upon the coming in of the jury the foreman stated that they had agreed upon a general verdict; the counsel for both parties thereupon consented and the court announced that the special questions were withdrawn from the jury and then a general verdict in favor of the defendants was rendered. The first question, as it appeared in the case, had the word "yes" written under it. Plaintiff insisted that the proposition answered in the affirmative should be regarded and treated as a fact found by the jury. *Held,* untenable; and that the consent to the withdrawal of the questions constituted a waiver of the exception to their submission.

(Argued December 4, 1889 ; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial deparment, entered upon order made April 20, 1886, which affirmed a judgment in favor of defendants entered upon the verdict.

This action was brought to recover damages for the destruction of two buildings of plaintiffs by fire, alleged to have been caused by the negligence of defendants.

The facts are sufficiently stated in the opinion.

*A. Taylor* for appellant. It was error on the part of the court below to grant the non-suit as to the defendant, Moses H. Nichols. (Addison on Torts, §§ 283, 1321 ; 2 Wait's Law and Practice, 285 ; 8 Barb. 355; 21 id. 589.) The court below erred in excluding the testimony offered by the plaintiff to prove the damages which he sustained by the destruction of the buildings which were situated on Main street. (94 U. S. 469; 80 Penn. St. 373 ; 26 Wis. 224; 49 Ill. 349 ; 98 Mass. 414 ; 107 id. 494; 19 Johns. 381 ; 4 Denio, 464; 6 N. Y. 397 ; 49 id. 420 ; 55 id. 108 ; 56 id. 200 ; 86 id. 408; 99 id. 158, 166.) The court erred in charging the jury that "only the damages of the first sufferer are what are called proximate damages." (2 Sedg. on Dam., 362 ; 5 Otto, 117; 67 Mo. 715 ; *Sauter* v. *N. Y. C. & H. R. R. R. Co.,* 66 N. Y. 50 ; 4 Otto, 469 ; 1 Bouvier, 247; 4 Gray, 412.) The hub factory

of the defendants as operated on the 29th day of May, 1882, by reason of the fuel used and the manner of generating steam, apart from the burning out or pounding of the smoke-stack, was a public nuisance. (Code Civ. Pro., § 1660; 1 Sedg. on Dam., 209; 13 Barb. 290; 1 N. Y. 167; 108 Mass. 261; 18 Minn. 324; *C. B. Co.* v. *Lewis*, 63 Barb. 111; 51 N. Y. 476; Addison on Torts, § 283.) It was a grave error for the court below to require the jury to answer specific questions. (Code Civil Pro., § 1167; 61 N. Y. 79; *Ryan* v. *N. Y. C. R. R. Co.*, 56 id. 200; *Vandenburgh* v. *Truax*, 4 Denio, 464; *Webb* v. *R., W. & O. R. R. Co.*, 49 N. Y. 420; 56 id. 200; 99 id. 166.)

*W. J. Welch* for respondent. The defendant, Moses H. Nichols, had no interest in or control over the hub factory, or in the business carried on there. There was no evidence of any such interest, and the order of the court dismissing the complaint as to him was not error. (*Mitchell* v. *Roulstone*, 2 Hall, 379; Abb. Tr. Evi., 207, subd. 11; Abb. Tr. Brief, 117, 124; *Neuendorff* v. *W. M. L. Ins. Co.*, 69 N. Y. 392; *Bauler* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356, 366; *Dwight* v. *Germania Insurance Co.*, 103 id. 359.) As to the defendant, Edwin H. Beers, the finding of the jury upon sufficient proof is conclusive as to every state of facts under which any liability could, by any possibility, attach to him. (1 Addison on Torts, 197, 198; *Mayor, etc.,* v. *Cunliff*, 2 N. Y. 174, 175; *Blunt* v. *Aiken*, 15 Wend. 522; *Hause* v. *Cowing*, 1 Lans. 288; *Loose* v. *Clutes*, 51 N. Y. 494.) The defendant, William H. Nichols is not liable for the damage arising from the spread of the fire from the first building burned. (*Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 210; *Hoag* v. *L. S. & M. S. R. Co.*, 85 Penn. 293; *Kerr* v. *P. R. R. Co.*, 62 id. 353; 71 Ill. 572; *Reiper* v. *Nichols*, 31 Hun, 491; *P. Co.* v. *Whitlock*, 99 Ind. 16; 50 Am. Rep. 71; Reiper Case, 31 Hun, 491; *Judd* v. *Cushing*, 51 id. 187.) Counsel by consenting to withdrawal of questions waived his exception. (61 N. Y. 79.)

PARKER, J. The court submitted to the jury five written propositions, with instructions that each be answered as they should determine the fact to be.

Plaintiff's counsel excepted to such submission. It is unnecessary to determine whether the question sought to be presented by the exception merits consideration, for it was subsequently waived. The consent of counsel for both plaintiff and defendants that the written questions be withdrawn, upon which consent the court withdrew them, constituted a waiver of the exception taken to their submission.

The first of the five propositions submitted appears to have had the word "yes" written underneath it, while the others do not purport to have been passed upon in any way. The plaintiff in this court insists that it should be regarded and treated as a fact found by the jury. This cannot be done, for it is not before us in such a way as to render it effectual for such purpose. The jury stated to the court through their foreman that they had agreed upon a general verdict. Thereupon the court suggested the withdrawal of the special questions. Both counsel consented. The court announced that the special questions were withdrawn from the jury, and then a general verdict in favor of the defendants was rendered. The special questions having been withdrawn from the jury, by consent, before the general verdict was rendered, it is apparent that no basis exists upon which to predicate a holding that the special questions constituted a part of the finding and verdict of the jury.

The jury rendered a verdict in favor of the defendants, and the General Term having affirmed, we have but to consider the exceptions taken by the plaintiff.

Our attention is directed by the appellant to but three exceptions aside from those already considered.

The first relates to the granting of a non-suit as to the defendant Moses H. Nichols. The General Term held that the evidence was not sufficient to warrant a verdict against him. Such holding is in accord with our view, after carefully considering the evidence adduced, for the purpose of charging him with liability

The second was in reference to the exclusion of testimony offered by the plaintiff for the purpose of proving the amount of damages sustained by the destruction of the buildings situated on Main street.

The evidence was excluded upon the ground that defendants alleged negligence was not the proximate cause of such burning. In view of the verdict of the jury in favor of the defendants upon the issue submitted, and involving the liability of defendants to the plaintiff for the negligent burning of other buildings on the same occasion, it is not apparent how the rejection of such evidence can be deemed to have resulted prejudicially to the plaintiff.

The plaintiff sought to prove all the damage done to his real estate.

The court excluded some evidence, because considered too remote, and the jury having found in favor of the defendants, it is not conceivable that the exclusion of certain elements of damage to plaintiff's real estate could have affected the result. If, then, it be conceded that the learned court erred in his ruling in that regard, the error is not of such a character as to justify a reversal of the judgment. But we are of the opinion that the ruling of the court was abundantly supported by authority.

May 29th, 1882, a strong wind from the northwest carried sparks from a smoke-stack belonging to the defendants to the roof of an old three-story wooden building, the property of one E. D. Read, a distance of 280 feet south twenty-two and one-half degrees east, from the smoke-stack. The sparks were carried across Main street, and nearly diagonally across Read street at its junction with Main, and past, but not over, the buildings in question to the E. D. Read house. The fire on the roof was seen as soon as it commenced to burn, but the village of Hancock in which these buildings were located, did not possess any fire apparatus, and there were no ladders in the vicinity of sufficient length to enable the persons present to either go upon the roof or throw water upon it. From the E. D. Read building, the fire communicated to the blacksmith's

shop on the north; thence in a westerly direction across Read street to the barn of the plaintiff, which was destroyed. The next building to burn, situated northerly from the Read house, was Mallory's saloon. From that building, the fire spread to and destroyed the building in question. After the E. D. Read house commenced to burn, and before either of the buildings of plaintiff on Main street took fire, the wind died down and changed to a slight breeze from the south. Unless then, a party can be held liable for all buildings which may be burned, so long as the first cause can be traced to his negligent act in setting fire to his own or a neighbor's building without reference to a change of wind, absence of fire apparatus or other intervening and contributing causes, then the court did not err in holding that the burning of such of plaintiff's buildings as were situated on Main street, was not the proximate result of the alleged negligent act of the defendants in permitting sparks to escape so as to set on fire the E. D. Read house.

Certainly the facts here presented are much more favorable to the defendants than they were in *Ryan* v. *N. Y. C. R. R. Co.*, (35 N. Y. 210).

That case has been distinguished by this court in *Webb* v. *B. W. & C. R. R. Co.* (49 N. Y. 420); *Pollett* v. *Long* (56 id. 200); and *Lowery* v. *Manhattan Railway Co.* (99 id. 158). But it has never been overruled, and the rule still obtains in this state that when the facts are undisputed the court may, under some circumstances, determine as a matter of law whether the act complained of is the immediate or remote cause of the injury.

In the *Webb case* the property of the plaintiff destroyed was contiguous to that of the defendant, and the evidence tended to show that from the place where the live coals dropped to the lands of the plaintiff there was an accumulation of combustible matter, and that it was a time of drouth.

Judge FOLGER, in delivering the opinion of the court, said: "Nor am I able to confine the act of negligence to the dropping of the coal from the engine, and thus separating it from all the other concurring acts and omissions of the defend-

ants, make that the solitary prime cause of a series of causes."

In *Pollett* v. *Long* (*supra*), defendant's dam was defective and in consequence gave way. The volume of water thus suddenly precipitated upon a dam below tore it out, and a little further down the stream a third dam was washed away. In an action to recover for damages sustained by the tearing out of the third dam, the trial court charged the jury that if there was sufficient water in the middle pond to materially increase the volume and force of the stream, then plaintiff could not recover for injuries to the lower dam, as the damages would be too remote. This was held error. Judge GROVER, after discussing the *Ryan case*, said: "Assuming this rule was correctly applied in the case of *Ryan* v. *New York Central,* \* \* \* it comes far short of sustaining the proposition under consideration."

In *Lowery* v. *Manhattan Railway Company* (*supra*), a coal of fire dropped from an engine of the defendant upon the back of a horse causing him to run away. The driver attempted to rein him against the curb-stone for the purpose of arresting his progress. The wagon passed over the curb-stone and thence over the plaintiff injuring him. A recovery by the plaintiff was sustained. Judge MILLER, in his opinion, said, "that the *Ryan case* is clearly distinguishable from the case at bar."

If it may be said that the rule laid down in the *Ryan case* has been broadened somewhat by the decisions referred to, it cannot be contended that it has been so far modified as to permit a holding that the burning of the Main street buildings was the ordinary and natural result of the act complained of. If it could be so held then however many buildings might be burned if the fire but spread from one building to another, the negligent party would be liable to respond in damages to every owner. Even if as in this case the course of the wind had so changed as to drive the flames and sparks of burning buildings in a direction other than was possible at the moment of the performance of the wrongful act. We think the court did not err in holding that the damages sustained by the burning

of the Main street buildings were not the proximate, but the remote result of the acts complained of.

The third relates to the disposition of the plaintiff's request to find and especially to the qualified manner in which the court charged the thirteenth request. At the close of the evidence the counsel for the plaintiff presented to the court thirteen separate requests to charge. Some were charged as requested, some were charged in a modified form, and others refused. At the close of the charge counsel stated that he excepted "to the refusal to charge as requested by plaintiff's counsel in so far as the court did refuse, and to each of the refusals to charge as requested."

An exception thus taken is not sufficiently definite and specific to present a question for review (*Smedis* v. *Brooklyn and Rockaway Beach R. R. Co.*, 88 N. Y. 13; *Newell* v. *Bartlett*, 114 N. Y. 399).

The judgment should be affirmed.

All concur, except FOLLETT, Ch. J. and POTTER, J., not sitting.

Judgment affirmed.