GEORGE BARKER, Respondent, *v.* THE CUNARD STEAMSHIP COMPANY (LIMITED), Appellant.

*Jurisdiction — allegation as to plaintiff's residence — refers to the time when the action was begun — waiver, of an objection to jurisdiction — testimony of a physician — what is not a waiver of the privilege of the patient — a general exception to refusals to charge, when insufficient.*

Where a complaint alleges that the plaintiff is a resident of the State of New York, the allegation is presumed to refer to his residence at the time when the action was begun, unless it is controlled by other allegations showing that a different date was intended.

Where a complaint alleges, among other things, that the plaintiff is a resident of the State of New York, and that the defendant is a foreign corporation, and the answer admits that the defendant is a foreign corporation, and then denies that it has any knowledge or information sufficient to form a belief as to the other allegations of the complaint, the residence of the plaintiff when the action was begun is put in issue and becomes a question of fact.

Where, upon the trial of such an action, the defendant raises no question of jurisdiction, and a general verdict is rendered for the plaintiff, it will be presumed that all the issues of fact, including that of residence, were determined in favor of the plaintiff, and the question of jurisdiction cannot be raised for the first time on appeal.

The jurisdiction of a court of general jurisdiction is always presumed and can never be questioned, even in an action against a foreign corporation, unless the want of jurisdiction is shown at the trial or appears on the record. VAN BRUNT, P. J., dissenting.

In case the jurisdiction of a court of general jurisdiction turns upon a question of fact, the issue must be determined by the jury.

A physician cannot testify to facts, in regard to the previous condition of the health of a person, where his knowledge was acquired from an inspection of and conversations with such person while the relation of physician and patient existed between them.

The privilege of the patient is not waived by his calling, upon the trial of an action, other physicians to testify to his condition anterior and subsequent to the time when he was under treatment by the physician whose testimony he claims is privileged.

Where a number of requests to charge are presented and some are charged as requested while others are refused, a general exception to the refusal of the court to charge the requests which it declined to charge, raises no question, upon an appeal, unless every one of the requests should have been granted in the terms in which they were preferred.

APPEAL by the defendant, The Cunard Steamship Company (Limited), from a judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of New York on the 15th day of March, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 18th day of March, 1895, denying the defendant's motion for a new trial made upon the minutes.

*William M. Ivins,* for the appellant.

*Franklin Pierce, Edward B. Thomas* and *Abraham Gruber,* for the respondent.

FOLLETT, J. :

This action was begun December 12, 1890, by a passenger against a common carrier to recover damages claimed to have been sustained by the alleged negligence of the defendant. September 23, 1890, the plaintiff took a second cabin passage from Liverpool on defendant's boat *Gallia* for New York, at which port the ship arrived October fourth. It is alleged that a defective port, which was a few inches above the plaintiff's berth, admitted such quantities of water that he was constantly wet and thereby contracted pneumonia which resulted in the permanent impairment of his health. The question lying at the threshold of this case is, has the court jurisdiction of the action ? " An action against a foreign corporation may be maintained by a resident of the State, or by a domestic corporation, for any cause of action." (Code Civ. Proc. § 1780.) It is alleged in the complaint that the defendant is a foreign corporation, " and that the plaintiff is a resident of the State of New York." The defendant, in its answer, admits that it is a foreign corporation, is the owner of a steamship line, and is a common carrier of passengers, as alleged in the complaint, and " then denies that it has any knowledge or information sufficient to form a belief as to any of the other allegations contained in the complaint." Allegations of time in a complaint are presumed to refer to the conditions existing when the action was begun, unless controlled by other allegations showing that a different date is intended. (*Townshend* v. *Norris,* 7 Hun, 239; *Broome* v. *Taylor,* 9 id. 155; *Burns* v. *O'Neil,* 10 id. 494.) Under the pleadings, the residence of the plaintiff, when the action

was begun, was a fact in issue. The defendant, on the trial, raised no question in respect to the jurisdiction of the court or the residence of the plaintiff. A general verdict (Code Civ. Proc. § 1186) was rendered, and it is presumed that all material issues of fact raised by the pleadings were determined in favor of the prevailing party. (*Wolf* v. *Goodhue Fire Insurance Co.*, 43 Barb. 400; affd., 41 N. Y. 620; *Van Pelt* v. *Otter*, 2 Sweeny, 202; *Murphy* v. *Lippe*, 3 J. & S. 542; *Soria* v. *Davidson*, 21 id. 52; S. C., 9 N. Y. Civ. Proc. Rep. 23). The jurisdiction of a court of general jurisdiction is always presumed and can never be questioned, unless the want of jurisdiction is shown at the trial or appears on the record. (*Mills* v. *Martin*, 19 Johns. 7; *Bloom* v. *Burdick*, 1 Hill, 130; *Downes* v. *The Phœnix Bank*, 6 id. 298; *Hutchins* v. *Brand*, 6 How. Pr. 73.) If no evidence had been given in respect to the residence of the plaintiff, the jurisdiction of the court could not have been questioned on appeal unless the non-residence of the plaintiff is disclosed by the record. The plaintiff testified on the trial, which occurred March 7, 1895, " I reside at 156 East 127th street in the city of New York." He was not asked by either side where he resided at any time previous to the trial, and there was no fact inconsistent with the idea that he was a resident of this State on the 12th of December, 1890, when the action was begun.

The vessel on which the plaintiff was a passenger arrived in New York October 4, 1890, and from that date until November 6, 1890, he was a patient in St. Vincent's Hospital in this city. The plaintiff was a cabinet maker. Later in the year he worked for the Pullman Palace Car Company in Chicago, Ill., which employment he left in the summer of 1891 and came east. In the winter of 1891 and 1892 he worked for that company at St. Charles, Mo. Afterwards he worked for the same company at Buffalo until the spring of 1893, when he began work for the same company in their shop at Chicago and continued there until June, 1893. Afterwards he worked for the Illinois Central Railroad at Chicago, and at the time of the trial he was at work for the Manhattan Elevated Railroad Company. The defendant asked no questions of the plaintiff in respect to his residence and gave no evidence on that issue. Again, upon the defendant's offer the complaint was received in evidence.

The testimony does not conclusively show that the plaintiff was not a resident of this State when the action was begun, and the presumption of jurisdiction is not rebutted.   If it can be said that the evidence is capable of different inferences as to the place of residence of the plaintiff, the answer is that the jury has drawn the inference and determined the question in his favor.   In case the jurisdiction of a court of general jurisdiction turns upon a question of fact, the issue must be determined by the jury.   ( *United States* v. *Sanders*, Hemp. 483 ; Thomp. Tri. § 2186 ; *Roderigas* v. *East River Savings Inst.*, 63 N. Y. 460, 464.)

Section 427 of the Code of Procedure provided that an action could be brought by a resident of this State against a foreign corporation for any cause of action ; that an action could be brought against such a corporation by a non-resident in case the cause of action arose in this State, or the subject of the action be situated within this State.

*Root* v. *The Great Western Ry. Co.* (65 Barb. 619 ; S. C., 1 T. & C. 10 ; affd., 55 N. Y. 636) was brought by a resident of the State of Michigan against a Canadian corporation for the loss of the plaintiff's goods in Canada or in the State of Michigan.   It was held that the cause of action did not arise in this State ; that the plaintiff was a non-resident, and that the action could not have been maintained had the defendant pleaded the plaintiff's non-residence, but that the objection was waived by failure to raise it on the trial, and that it could not be raised for the first time on appeal.   In *Downes* v. *The Phœnix Bank* (6 Hill, 297) it was held that the non-residence of a plaintiff in an action against a foreign corporation was a plea in abatement, and must be pleaded.   The same rule was held in *Pease* v. *Delaware, Lackawanna & Western R. R. Co.* (10 Daly, 459) and in *Steers* v. *Liverpool, N. Y. & P. Steamship Co.* (57 N. Y. 1, 7). The issue in respect to the plaintiff's residence having been found in his favor by the general verdict, and the question not having been raised at the trial, it must be held that the court had jurisdiction of this action.

The position of the learned counsel for the defendant, that the court erred in submitting the questions as to the defendant's negligence and the plaintiff's freedom from contributory negligence to the jury, cannot be sustained.   The plaintiff testified that the port leaked

so badly that his berth and the one underneath were saturated with water. Measures, who occupied a stateroom near the plaintiff's, testified that on the morning of the twenty-fifth he was in the plaintiff's room, saw that his berth and the one underneath it were wet; that the next day he was in the plaintiff's room and that the water had come through the port as before; that he saw water coming through it, and that on the third and fourth days he saw water coming through it. The plaintiff complained of the condition of the port to the employees of the ship, as they admit, though they testified that it was in perfect order and did not leak. This evidence presented a question of fact, which was rightly submitted to the jury, and it cannot be said that the verdict was contrary to the weight of evidence. The defendant did not deny that, in case the port leaked in the manner described, it was defective and might have been easily remedied. The defendant's marine superintendent testified that when the ports are perfect, as they should be, they do not admit water, and that they should be kept in a condition so as not to leak. The learned counsel for the defendant asserts that the plaintiff was guilty of contributory negligence by non-compliance with the following rule, which was posted in his stateroom: " 6. Passengers having any cause for complaint are requested to communicate at once with the chief steward." The plaintiff did complain of the condition of the port to the first and second intermediate stewards, to the bedroom steward, and the chief steward testified that he went into the plaintiff's room on Wednesday, October first, and the plaintiff told him that his bed was damp and pointed to the port. The ship's physician testified that the plaintiff complained to him that water had come through the port, and wet his bed. There is certainly no foundation for the claim that the plaintiff was guilty of contributory negligence in not bringing to the attention of the defendant's servants the condition of the port.

The court did not err in refusing to permit the defendant to prove by Dr. Haubold the condition of the plaintiff when he entered St. Vincent's Hospital, and the statements made by him in respect to the previous condition of his health. The knowledge of this witness was acquired from an inspection of and conversations with the plaintiff while the relation of physician and patient existed

between them, and was privileged. (Code Civ. Proc. § 834.) This privilege was not waived by the plaintiff having called other physicians to testify to his condition anterior and subsequent to the time he was in the hospital. (*Hope* v. *Troy & Lansingburgh R. R. Co.*, 40 Hun, 438; affd., 110 N. Y. 643; *Record* v. *Village of Saratoga Springs*, 46 Hun, 448; affd., 120 N. Y. 646.)

The charge was eminently fair and elaborate, covering every issue of fact in the case, and by it the jury was correctly instructed in the rules of law applicable to those issues. The learned counsel for the defendant, not being satisfied with this presentation of the case to the jury, preferred thirty-eight requests to charge, eighteen of which were charged without qualification, though many of them were immaterial, and others were covered by the instructions previously given. Twenty requests were refused, some partially, and others wholly. Thereupon the defendant's counsel took this exception: "I except to your honor's refusal to charge those requests which you declined." Many of the requests were untenable, others were irrelevant, and others had been covered by the charge as delivered. A general exception of this kind raises no question unless every one of the requests should have been granted in the terms in which they were preferred. (*Hoyt* v. *The Long Island R. R. Co.*, 57 N. Y. 678; *Smedis* v. *Rockaway Beach R. R. Co.*, 88 id. 13; *Read* v. *Nichols*, 118 id. 224; *Huerzeler* v. *C. C. T. R. R. Co.*, 139 id. 490; *Beaver* v. *Taylor*, 93 U. S. 46.)

An examination of the entire record fails to disclose any error calling for a reversal of the judgment, which, and the order denying a motion for a new trial, should be affirmed, with costs.

PARKER, J., concurred.

VAN BRUNT, P. J.:

I concur in the conclusion arrived at by Mr. Justice FOLLETT in the case at bar. I cannot, however, concur in the statement in his opinion, as applicable to this case, that the Supreme Court being a court of general jurisdiction, its jurisdiction must be presumed and cannot be questioned, unless the want of jurisdiction is shown at the trial, or appears upon the record. In respect to foreign corporations the Supreme Court has never been a court of general jurisdiction. It has no jurisdiction of actions against foreign

corporations, except such as is conferred by statute. Hence the rule which ordinarily applies to this court as a court of general jurisdiction cannot obtain in actions against foreign corporations. It must appear somewhere in the record that jurisdiction exists.

The pleader, in drawing the complaint in the case at bar, evidently understood this position, because he alleges that the defendant is a foreign corporation, and that the plaintiff is a resident of the State of New York, bringing himself within the class of persons who may resort to the courts of this State for the purpose of redressing wrongs received by them from foreign corporations. This allegation in regard to the residence of the plaintiff is presumed, under the ordinary rules governing allegations of time in a complaint, to refer to the conditions existing when the action was begun, unless it appears otherwise from the pleading. It is true that this allegation of residence was denied by the answer; but the record contains evidence in regard to the residence of the plaintiff, and no objection seems to have been taken at the trial that this allegation of the complaint was not proven. We may, therefore, fairly infer that all claim in that behalf was abandoned, no point having been made in respect thereto, and that the evidence, meagre as it is, was considered sufficient. Under these circumstances it is too late now to raise the question of residence, and claim want of jurisdiction because that fact is not established.

It is undoubtedly true that if the record had contained evidence showing that this plaintiff was not a resident of this State at the time of the commencement of the action, the court might, at any stage of the action, of its own motion, raise the question and dismiss the action. (*Robinson* v. *Oceanic Steam Navigation Company*, 112 N. Y. 315.)

For the other reasons stated in the opinion of Mr. Justice Follett I concur in the affirmance of the judgment.

Judgment and order affirmed, with costs.