(77 App. Div. 276.)

### BENEDICT v. DESHEL et al.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. BANKRUPTCY—PREFERENCES—INTENT—NECESSITY.

Under Bankr. Act, § 60 (30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), which provides that a person shall be deemed to have given a preference if, being insolvent, he has made a transfer of any of his property, and the effect of such transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other creditors of the same class, it is necessary, to constitute a preference, that the insolvent, in making the transfer, shall have intended to give one.

2. WITNESSES—IMPEACHMENT.

In an action by a trustee in bankruptcy to recover an alleged unlawful preference, it was proper to admit in evidence on the cross-examination of a certain witness, as testing his credibility, affidavits made by him and another party containing statements as to the financial condition of the bankrupt corporation, of which they were officers, a few months prior to the alleged preference; it having been shown that an inventory of the

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 252.

corporation had been made at about the same time, and the witness having given testimony as to its assets and liabilities.

**3. Exceptions—Definiteness.**
An exception "to each of your honor's refusals to charge my several requests" was not sufficiently definite and specific to warrant review on appeal.

**4. Bankruptcy—Preferences—Intent—Question for Jury.**
Evidence examined, and *held* to warrant a finding that a bankrupt corporation, in making a certain transfer of its property within four months of the adjudication, did not intend to give a preference.

Appeal from trial term.

Action by Edward G. Benedict, as trustee in bankruptcy, etc., against Jacob Deshel and others. From the judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

J. Woolsey Shepard, for appellant.
Morris Hillquit, for respondents.

McLAUGHLIN, J. On the 3d of July, 1901, the Union Cloak & Suit Company, a domestic corporation, was indebted to the defendants in this action in a sum upwards of $1,500, and on that day it assigned to them, to apply on such claim, all of its interest in the sum of $1,000, which it had previously deposited, for a specified purpose, with the United States Fidelity & Guaranty Company. This sum the defendants subsequently received from the fidelity and guaranty company. On the 22d of July, 1901, a petition in involuntary bankruptcy was filed against the Union Cloak & Suit Company, and on the 30th of the same month it was adjudged a bankrupt. On the 19th of August following, plaintiff was elected trustee of the bankrupt's estate, and he thereupon brought this action to recover the $1,000 received from the guaranty company, upon the ground that the assignment of such sum to the defendants was in violation of section 60 of the bankrupt act (30 Stat. 562 [U. S. Comp. St. 1901, p. 3445] ), which reads as follows:

"Sec. 60. Preferred Creditors. (a) A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself, in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. (b) If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

The defendants had a verdict, and from the judgment thereafter entered, dismissing the complaint, and from an order denying a motion for a new trial, the plaintiff has appealed.

The real difference between the parties upon this appeal turns upon the construction to be given to the section of the statute referred

to. The appellant contends that all he was obligated to prove, to entitle him to a verdict, was (1) that the Union Cloak & Suit Company was insolvent at the time the assignment of the $1,000 was made to the defendants; (2) that the defendants then had reasonable cause to believe that a preference was intended to be given; and (3) that a preference in fact was given, and they were thereby enabled to obtain a greater percentage of their debt than other creditors of the Union Cloak & Suit Company. The respondents contend that the plaintiff was bound to establish, in addition to the foregoing facts, that the Union Cloak & Suit Company intended, by the assignment, to give the defendants a preference. The trial court adopted the construction contended for by the respondents, and charged the jury that it was necessary for the plaintiff to prove, to entitle him to a verdict, "that, in transferring to the defendants the $1,000, the said company intended to give a preference to the defendants." An exception was taken to this portion of the charge, and whether or not it was well taken presents the principal question to be determined upon this appeal.

A transfer of property by an insolvent is not rendered voidable, under the section of the statute referred to, unless the transfer is made with an intent to create a preference. This fact must be established, as well as the fact that the preference was thereby created, and that the person receiving the same had at the time reasonable grounds to believe that a preference was intended. Crooks v. Bank, 72 App. Div. 331, 76 N. Y. Supp. 92, 495; Crittenden v. Barton, 59 App. Div. 555, 69 N. Y. Supp. 559; In re Ebert, 1 Am. Bankr. R. 340; In re Hall, 4 Am. Bankr. R. 671. The words used in the statute clearly indicate this purpose on the part of the lawmaking power. The words are, "has procured or suffered a judgment," etc., "or made a transfer," etc.,—words indicating some act on the part of the insolvent in or by which the preference is created, and which necessarily imply an intent on his part. The intent, therefore, must be proved, not necessarily by direct evidence, but by fact and circumstances from which it can be found that it existed at the time the transfer was made.

It is also urged that the court erred in overruling plaintiff's objection, and admitting in evidence, in a proceeding in the United States district court, affidavits made by the witness Tate and one Heath, officers of the Union Cloak & Suit Company, which contained statements as to the financial condition of the company a few months prior to the time the assignment was made. This evidence was introduced on the cross-examination, after it had been made to appear that an inventory of the cloak and suit company's property had been made at about the same time the affidavit was made, and after the witness had given testimony as to its assets and liabilities. It was therefore proper for the purpose of testing or impeaching the credibility of the witness Tate.

Error is also claimed because the trial court refused to charge the jury in accordance with plaintiff's requests. At the close of the trial, plaintiff's counsel presented to the court 14 separate requests to charge. It does not appear from the record that the court made

any ruling on these requests, and the only exception in reference to them which appears in the record is the following: "I except to each of your honor's refusals to charge my several requests." This exception is not to any ruling of the court, and not sufficiently definite and specific to enable us to review it. Read v. Nichols, 118 N. Y. 224, 23 N. E. 468, 7 L. R. A. 130.

Finally it is urged that the verdict was against the weight of evidence, and that the court erred in not granting defendants' motion to set the same aside on that ground. After a careful consideration of the record, we are of the opinion that there was sufficient evidence to go to the jury upon all of the questions involved. As to the insolvency of the Union Cloak & Suit Company at the time the assignment was made, there was evidence from which the jury might find that its total assets, including accounts against third parties, were, or that it had reasonable grounds to believe the same were, sufficient to pay all of its debts in full. One of plaintiff's witnesses, the secretary and treasurer of the company, testified that on the 17th of July, following the time the assignment was made, the company was solvent, and its assets then exceeded its liabilities. There was also other evidence to the same effect, including that of plaintiff's expert accountant. If it were in fact solvent, or if it believed itself to be, and there existed facts as a basis for the belief, then there was sufficient evidence to justify a finding that it did not intend, in making the assignment, to give the defendants a preference. If it were in fact insolvent, and intended to give a preference, then there was sufficient evidence to go to the jury as to whether or not the defendants had reasonable cause to believe that the Union Cloak & Suit Company intended, by the assignment, to give them a preference over other creditors.

We are of the opinion, therefore, that the case was properly disposed of at trial term, and that the judgment and order should be affirmed, with costs. All concur; INGRAHAM, J., in result.