JOHN M. PERRY, as Trustee of SAMUEL A. SKEAD, a Bankrupt, Appellant, *v.* CHARLES BOOTH and Others, Composing the Firm of BOOTH & COMPANY, Respondents.

*Fraudulent transfer under the Bankruptcy Act — receiving security for a previously unsecured debt — how far, in itself, proof of a preference.*

The fact that a creditor demands and receives from his debtor security for a previously unsecured debt at a time when the debtor was actually insolvent, does not create an inference under section 60 of the National Bankruptcy Act (30 U. S. Stat. at Large, 562), that the creditor knew of such insolvency or had reasonable grounds for believing that the transfer was made with intent to create a preference.

APPEAL by the plaintiff, John M. Perry, as trustee of Samuel A. Skead, a bankrupt, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 29th day of May, 1902, upon the decision of the court rendered after a trial at the Kings County Special Term.

*William S. Maddox* [*Everett V. Abbot* with him on the brief], for the appellant.

*Charles Edwards Woodbridge,* for the respondents.

HIRSCHBERG, J.:

The transactions which are the subject of review on this appeal have engaged the attention of the court once before, and will be found fully detailed in the opinion then written by Mr. Justice SEWELL. (*Perry* v. *Booth,* 67 App. Div. 235.)  The plaintiff, as

trustee of Samuel A. Skead, a bankrupt, claims that certain transfers of lumber made by Skead in the months of November and December, 1898, to the defendant were violative of the provisions of section 60 of the Bankrupt Act (30 U. S. Stat. at Large, 562). On the first trial the court found that Skead was insolvent on November 16, 1898, and had been for a long time prior thereto, and that with the exception of the transfer of lumber made on that day the defendants had reasonable cause to believe that the transfers complained of and which were made subsequently were made with the intention of creating a preference whereby they obtained a greater percentage of their antecedent debt than the other creditors in their class. The defendants appealed from the judgment then rendered against them excepting so much thereof as adjudged that the transfer on November 16, 1898, was made in good faith, and that the defendants advanced money on the lumber then transferred in excess of its value. The consideration of the court was directed to all the transactions, however, and the entire judgment was reversed and a new trial granted on the whole issue, but the conclusion reached was not only that the facts did not establish anything to indicate that the defendants had reasonable cause to believe that a preference was intended, but also that the necessary inference from the facts was that no preference was in fact created by any of the transactions.

We do not find that on the second trial any additional facts have been disclosed which distinguish the case in any material degree from the one first presented. The court has found that none of the transfers complained of created a preference, and that neither the defendants nor their agent who acted for them in the course of the dealings involved in the inquiry believed or had reasonable cause to believe that a preference was intended. These findings are not without sufficient support in the evidence, and a careful examination of the record and of the points urged on behalf of the appellant fails to furnish any valid reason why they should be overthrown.

In *Benedict* v. *Deshel* (77 App. Div. 276) the Appellate Division in the first department recently held that a transfer is not voidable under section 60 of the Bankrupt Act (*supra*), unless it appears that the bankrupt was insolvent at the time the transfer was made; that the transfer actually operated to create a preference; that the bankrupt intended to create a preference; and that the creditor had

reasonable grounds to believe that a preference was intended. The contention on the part of the learned counsel for the appellant is in effect that assuming the existence of insolvency, the intention and the existence of reasonable ground for the belief may be inferred from the mere demand for security. They say in the brief " we submit that the creditor who demands security for a previously unsecured debt, at once and by that act brings himself within the category of those who have a reasonable cause to believe that they are getting a preference." A different view appears to have been taken by the Federal courts. In *Grant* v. *National Bank* (97 U. S. 80), in considering the quite similar terms of the former Bankruptcy Act, Mr. Justice BRADLEY said (p. 81): " A man may have many grounds of suspicion that his debtor is in failing circumstances, and yet have no cause for a well-grounded belief of the fact. He may be unwilling to trust him further; he may feel anxious about his claim, and have a strong desire to secure it — and yet such belief as the act requires may be wanting. Obtaining additional security, or receiving payment of a debt, under such circumstances is not prohibited by the law. \* \* \* Hence the act, very wisely, as we think, instead of making a payment or a security void for a mere suspicion of the debtor's insolvency, requires, for that purpose, that his creditor should have some reasonable cause to believe him insolvent. He must have a knowledge of some fact or facts calculated to produce such a belief in the mind of an ordinarily intelligent man."

It has also been held under the present act that the giving of security for a past-due demand is neither sufficient to establish knowledge of insolvency nor to put the creditor upon inquiry. The court said, *Matter of Eggert* (102 Fed. Rep. 735, 742): " To hold that a creditor receiving payment of or security for a past-due debt is, by the mere fact of knowledge that the debt is past maturity, put upon inquiry of his debtor's inability to pay all his debts, and that, under such circumstances, he received payment or security at his peril, would be to put at hazard many business transactions and make the act oppressive. The fact of such inability, coupled with other facts and circumstances brought home to the creditor, might be sufficient to put him on inquiry; but this is the only fact from which the deduction is sought that the creditor had reasonable cause to believe

his debtor insolvent, and, standing alone, it is insufficient to raise an inference of law that the creditor is chargeable with knowledge of the facts which inquiry would have elicited."

The judgment should be affirmed.

GOODRICH, P. J., JENKS and HOOKER, JJ., concurred.

Judgment affirmed, with costs.