JOHN W. DICKERSON, Appellant, *v.* MARY E. ROGERS, Respondent.

In an action to recover for a quantity of meat alleged to have been sold between April, 1878, and April, 1880, to defendant, a married woman, the owner of a hotel, which it was alleged she carried on on her sole and separate account, it did not appear that she ever personally contracted with plaintiff for the meat, or in any manner induced him to deliver it or ever promised to pay for it; on the contrary, it appeared that plaintiff's negotiations were with defendant's husband, who did not pretend to be

acting as agent, but held himself out to the public as the proprietor of the business. It was proved that defendant owned the property, which fact plaintiff knew; that she resided there with her husband and four children, and did such work about the hotel as is customary for the wife of a hotel proprietor, and that she did not lease the hotel to her husband; also, that the business cards of the house were signed by the husband as proprietor, and he assigned the guests their rooms, purchased all supplies, employed the servants, received the money due from guests and disbursed it as he saw fit. There was no evidence that defendant ever attempted to interfere with or control her husband's management of the hotel, or ever authorized him to act for her, or that she pretended at any time to be carrying on a separate business, or that any credit was ever obtained by her husband in her name or ostensibly on her account. *Held*, that plaintiff was not entitled to recover; that to maintain the action it was necessary for plaintiff to show that defendant was carrying on the business on her own account and for her own benefit, and that her husband acted simply as her agent.

*It seems* that, prior to the passage of the enabling act of 1884 (Chap. 380, Laws of 1884), a married woman could only contract in cases where authority was expressly conferred by statute. She could bind herself: *First*. Where the obligation was created in or about carrying on her trade or business. *Second*. Where the contract related to or was made for the benefit of her separate estate. *Third*. Where the intention to charge her separate estate was expressed in the instrument or contract by which the liability was created. *Fourth*. Where the debt was created for property purchased by her. The contract could be express or implied and made personally or by agent, and she could authorize her husband to act as such agent, and upon contracts thus made and debts thus created her separate estate would be chargeable.

(Argued April 18, 1889; decided June 4, 1889.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 9, 1886, which reversed a judgment in favor of plaintiff, entered upon the report of a referee and granted a new trial.

This action was brought against defendant, a married woman, to recover a balance claimed to be due for meat alleged to have been sold to her.

The facts are sufficiently stated in the opinion.

*E. Countryman* for appellant. If the defendant was carrying on the business at the hotel or boarding-house " on her sole and separate account," she was liable for the meat furnished

by the plaintiff. (Laws of 1860, chap. 90, §§ 2, 3.) If there was no conventional relation between the defendant and his wife, which would give him the right to hold possession, then his mere marital relations would not be sufficient to make him the actual occupant. (*Porter* v. *McGrath*, 9 J. & S. 85, 101; *Rowe* v. *Smith*, 45 N. Y. 230, 232; *Gage* v. *Dauchy*, 34 id. 293.) The wife is liable for the acts of her husband as agent in her business as well of any other person authorized to represent her. (*Noel* v. *Kinney*, 106 N. Y. 74, 78; *Abbey* v. *Deyo*, 44 id. 343, 344; *Knapp* v. *Smith*, 27 id. 277; *Buckley* v. *Wells*, 33 id. 518; *Smith* v. *Kennedy*, 13 Hun, 9; *Bodine* v. *Keller*, 53 N. Y. 93.)

*Richard L. Sweezy* for respondent. A married woman cannot (or could not, prior to the act of 1884, passed subsequent to the commencement of this action) bind herself by contract, unless, first, the obligation was created by her in or about carrying on her separate trade or business; or, second, the contract was made by her for the benefit of her separate estate; or, third, the intention to charge the separate estate is expressed in the contract by which the liability is created; or, fourth, the debt is created for property purchased by her. (*Bertles* v. *Nunan*, 92 N. Y. 152; *Saratoga County Bk.* v. *Pruin*, 90 id. 250; *Linderman* v. *Farquharson*, 101 id. 434; *Coleman* v. *Burr*, 93 id. 17.) Plaintiff swears to no dealings or conversations with defendant personally which can be construed, as against a married woman, as evidence of an intention to charge her separate estate. A ratification, to be effectual, must be of an act performed ostensibly on behalf of the principal. (*Travis* v. *Scriba*, 12 Hun, 391.) It is not sufficient to show that defendant incidentally received some benefit from the business. (*Sanford* v. *Pollock*, 105 N. Y. 450.) In order to recover plaintiff must prove that he was a mere agent, and was acting on her behalf and by her authority. (*Travis* v. *Scriba*, 12 Hun, 391; *Jones* v. *Walker*, 63 N. Y. 612; *Nash* v. *Mitchell*, 71 id. 199; *Sanford* v. *Pollock*, 105 id. 450.) A husband and wife cannot enter into a partnership

with each other. (*Fairlee* v. *Bloomingdale*, 14 Abb. N. C. 341 ; *Noel* v. *Kinney*, 15 id. 403.)

PARKER, J. The referee before whom the case under consideration was tried, found, in substance, as matters of fact, that the defendant was a married woman; that between April, 1878, and April, 1880, she was the owner of a valuable hotel property, which she carried on on her sole and separate account, and that between those dates the plaintiff sold and delivered to her a large quantity of meat, on account of which there remained unpaid the sum of $1,486.87, besides interest. The referee thereupon directed judgment in favor of the plaintiff for such balance and interest.

The judgment entered upon such report was reversed by the General Term, and the plaintiff appealed to this court, stipulating in his notice of appeal that if the order appealed from be affirmed, judgment absolute shall be rendered against him.

As it appears in the body of the order appealed from that the reversal was had both upon question of fact and law the determination of the General Term must be reviewed upon the questions of fact as well as the questions of law. At common law a married woman did not have the authority to make contracts. Many of her disabilities in that regard have been removed from time to time by statutory enactment. Still, prior to the passage of the enabling act of 1884 (Chap 381, Laws 1884), which was subsequent to the commencement of this action, the wife's ability to make contracts was limited so she could only contract in cases where authority had been expressly conferred by statute. She could bind herself by contract, where, *first*, the obligation was created by her in or about carrying on her trade or business; or, *second*, the contract related to or was made for the benefit of her separate estate; or, *third*, intention to charge her separate estate was expressed in the instrument or contract by which the liability was created; or, *fourth*, the debt was created for property purchased by her. (*Saratoga County Bank* v. *Pruyn*, 90 N. Y. 250.) Within such limits she was permitted to contract as if she were a *feme*

Opinion of the Court, per PARKER, J.

*sole.*  The contract could be express or implied and made personally or by agent.  She could authorize her husband, as well as any other person, to act as such agent.  Upon contracts thus made, and for debts thus created, her separate estate is chargeable by law.

The question, therefore, is whether the evidence before us establishes a liability on the part of the defendant to the plaintiff within the limits of responsibility on the part of a married woman.

The defendant did not personally contract with the plaintiff for the meat for the value of which he seeks to charge her in this action.  It is not pretended that she ever promised to pay the plaintiff therefor, either orally or in writing.  She did not in any manner attempt to induce the plaintiff to furnish meat.  On the contrary, it appears from the plaintiff's testimony that he went to defendant's husband and solicited his custom.  Upon that subject he testified as follows: "I had a conversation with Mr. Rogers at the house; I told him I would like to sell him some meat; he said he was buying of the butcher there, and to come in again, so I came in the next day or two; I sold him some meat and that was the first charge put on the book;  *   *   *   the Amityville butcher supplied him mostly at that time; that was in the spring; in about a month or six weeks I began to supply him with most of his meats;  *   *   *   I dont recollect any particular conversation further; he would say what meat he wanted and I would deliver it; I pursued the same course of business the following year of 1879;  *   *   *   I received payment from Mr. Rogers from time to time as stated on the bill."

It was with Mr. Rogers, therefore, that the negotiations were had, and from him the payments on account were received.  Plaintiff knew that defendant owned the hotel building and premises, and with that knowledge he dealt with Mr. Rogers, who did not pretend to be acting as agent, but, on the contrary, held himself out to the public as the proprietor of the business.

SICKELS — VOL. LXIX.   52

The plaintiff having contracted with Mr. Rogers as principal, could only recover in this action by showing that Rogers was actually an agent for an undisclosed principal, to wit, this defendant; that she was, in fact, engaged in carrying on the hotel business on her own account and for her own benefit.

Upon the plaintiff rested the burden of affirmatively establishing such fact. This, we think, he failed to do. It was proven that she owned the property; resided there with her husband and four children; did such work about the hotel as is customary for the wife of a hotel proprietor, and that she did not lease the hotel to her husband. On the other hand, it appears that the husband held himself out to the public as the proprietor in various ways. The business cards of the house were signed " J. M. Rogers, Prop." He assigned the guests their rooms, purchased all supplies, employed the servants, received the money due from guests and disbursed it as he saw fit.

There is no evidence that the defendant ever attempted to interfere with or control her husband's management of the hotel; that she ever authorized him to act for her, or that she pretended, at any time, to be carrying on a separate business, or that any credit was ever obtained by her husband in her name, or ostensibly on her account.

A careful consideration of the evidence, to which we have but briefly alluded, seems to us to lead irresistibly to the conclusion that this defendant did not undertake to carry on a separate business, but, on the contrary, gave to her husband, as she lawfully might, the use of her property and her service in the conduct of a business in his own name.

The order appealed from should be affirmed, and the defendant have judgment absolute dismissing the complaint.

All concur.

Order affirmed and judgment accordingly.