JAMES H. NEWALL, Respondent, *v.* EDWARD B. BARTLETT et al., Appellants.

The occupant or lessee of a dock or pier, to which vessels are allowed or invited to make fast for the purpose of discharging or receiving passengers or freight, is bound to keep and maintain the same in a reasonably safe condition and free from defects to those engaged or employed in carrying on such business.

In an action to recover damages for injuries received through the alleged negligence of defendants, it appeared that they were copartners in business as warehousemen, and as such occupied a pier. By their consent a steamer was made fast to their pier, landed its passengers and discharged cargo; that plaintiff in the performance of his duty as an employe of the owners of the steamer, was assisting in carrying baggage from the vessel on to the pier and within the inclosure where the baggage of the passengers was being deposited, when one of the doors to an opening in the inclosure of the pier fell over and struck him, inflicting the injuries complained of. The doors ran upon wheels overhead, which, at times, were thrown off the rail on which the wheels ran. Plaintiff gave evidence tending to show that defendants had notice of the dangerous character of these doors and that some of them had fallen before. *Held*, that whether the doors were properly constructed to secure safety and whether the principle on which they were constructed was reasonably safe, and if so, whether they were operated with reasonable guards to secure safety, and also whether the machinery had become out of order and unsafe, were questions of fact for the jury; also, that it was proper to show not only what was said to a deceased member of the defendants' firm, but what he said in relation to the falling of the door or any of them at any time before the accident, and while the doors and the manner of operating them remained the same.

In order to raise any question upon the ruling of the trial court, as to requests to charge, for review in this court the exception must be specific and point out the particular request to which it is intended to apply.

(Argued April 17, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 10, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*William W. Goodrich* for appellants. The immediate proximate cause of the falling of the gate was the falling of a skid with force against the gate thus causing the gate to fall. The falling of the skid was caused by persons in the employ of the steamship, fellow servants of the plaintiff, and, therefore, for any injury resulting therefrom the plaintiff cannot recover in this action. (Beach on Cont. Neg. 32, § 10; Cooley on Torts, § 69; *Fairbanks* v. *Kerr*, 10 Am. Rep. 664.) Even if the gate was improperly constructed, the defendants are not liable for its falling, as the improper construction was not the immediate cause of the accident. (*King* v. *City of Troy*, 21 Week. Dig. 558.) All the cases which have held a defendant liable for remote causes of negligence have been cases where the defendant's act was voluntary or intentional. (*Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 215.) So far as the defendants are concerned, the plaintiff was a bare licensee and was subject to all the risks, there being no obligation on the part of the defendants to take due and reasonable care of him. (*Batchelor* v. *Fortescue* [Q. B. Div.], 49 L. T. Rep. [N. S.] 442; *Inderman* v. *Damus*, 14 id. 484; *Ivay* v. *Hodges*, 9 Q. B. Div. 80.) An owner of real property is not liable for injuries resulting from negligence on the part of a contractor or his employe engaged in performing a lawful contract for specific work on the premises. (*King* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 181.)

*Nelson Smith* for respondent. The proprietors of a pier are liable for damages arising from defects in it, or its appurtenances, to a person lawfully using the same in the course of business and who, in the exercise of due care, receives an

injury from such defects. (*Swords* v. *Edgar*, 59 N. Y. 28; *Wendell* v. *Baxter*, 78 Mass. [12 Gray], 494, 496; *Barber* v. *Abendroth*, 102 N. Y. 406.) A person hired and acting as a laborer in the usual and accustomed business transacted upon a pier is there by right and for a lawful purpose, and has an action against the proprietor for an injury resulting from a neglect of duty to keep the pier and its appurtenances in a safe condition. (*Swords* v. *Edgar* (*supra*); *Wendell* v. *Baxter* (*supra*); *Coughtry* v. *Globe Woolen Co.*, 56 N. Y. 124.) Notice to one of several partners is notice to the firm as completely as if every member had been notified. (1 Green. on Ev. 172, 174.) It is competent to show notice to or knowledge by the master of any infirmity in his machinery. (*Delaney* v. *Hilton*, 18 J. & S. 345; *Chapman* v. *Erie Railway Co.*, 55 N. Y. 584.) The instructions of the master to his servant who is left in charge, as to the particular way he must transact the business, do not screen the master from liability to third persons for the negligent acts of the servant in disregard of the instructions. (*Garretzen* v. *Duenckel*, 50 Mo. 104.)

POTTER, J. The action was brought to recover damages for the injuries which the plaintiff alleged he had received to his person through the negligence of the defendants by the falling of a gate or door upon the pier or wharf in the possession and under the control of the defendants.

The first three sections of the complaint were admitted by the answer, and the facts thus admitted were substantially these: That from the first day of May, down to the time plaintiff was hurt, which was September 29, 1882, the above named defendants and John K. Bartlett, who died after the action was commenced, were copartners in business under the firm name of E. B. Bartlett & Co., and were warehousemen. They were in possession of the premises known as "Roberts' Stores," consisting of six stores, and the pier or wharf connected with them on the east side of East river, between Fulton and Wall streets in the city of Brooklyn. The pier or

wharf was about sixty-five feet wide and extended into East river about three hundred and fifty feet. It was enclosed on the northerly and southerly side and westerly end and roofed, and had doors or gates about eleven feet high and ten feet wide, forming openings into or through the south side of the structure or building. That by the consent of the defendants' firm, including John K. Bartlett, deceased, as a partner, the steamship Valencia, upon her arrival from Venezuela on September 29, 1882, came and made fast to defendants' pier and landed passengers and discharged her cargo; that such landing was pursuant to an understanding between defendants' said firm and the owners of said steamship or of her cargo, or some part of it.

It was proved, in addition to the facts admitted, that the plaintiff, on the 29th of September, 1882, was employed by the master and owners of the steamship Valencia, and was on board of said ship when she arrived and made fast to this dock as aforesaid. It was made fast to the south side of this dock, and the plaintiff, in the performance of his duty as an employe on board of said ship, was assisting in carrying a small trunk of baggage from the vessel on to this pier and within the inclosure where the baggage of the passengers was being deposited; that he went through one of the open doorways with this trunk upon his shoulder, and when he had reached the inside of the structure through one of the doorways, and in setting down the trunk, one of the doors to these openings on the south side of the pier fell over and struck him on his back and side and, it is alleged, injured him very seriously. The plaintiff also made proof tending to show that defendant had notice of the dangerous character of these doors; that they had fallen, some of them, before, and one employe of defendant engaged upon the wharf said to John K. Bartlett, one of the partners, since deceased, that unless these fastenings were repaired somebody would get killed. The plaintiff gave proof tending to show the extent and character of his injuries, and the jury rendered a verdict in his favor for $2,000 damages.

The defendant gave evidence tending to show that these doors or gates were suspended by a cross-piece at the top of the opening, on which were laid a rod of iron as a rail, and upon which were wheels with curved rims made fast to the top of the door, and by this means the doors were closed or slid back and thus made openings in the side of the building. The defendant also gave evidence tending to show that the defendants' own men and employes did not open the doors upon this occasion, but that some were opened by the employes on the steamer or by the stevedore or some of his men in the employment of the steamer; that the door was thrown off the rod or rail on which it was moved or slid in opening or closing by means of a skid laid from the vessel into the building through one of these openings; that in doing so with the door partially open, the skid being slid down on its edge, when it was turned flat-ways, struck the edge of the door, which was not fully open, and thus knocked the door off from its fastenings and precipitated it upon the plaintiff, who was, as before stated, depositing baggage which he had brought from the vessel into the pier or building. There is some evidence tending to show that, previous to sliding down and placing of the skid, there had been, from the same gangway from which the skid was pushed out, a gang-plank from some other gangway from the vessel on to the pier, and plaintiff had proceeded down the gang-plank, one or the other, and had gone through these openings and was depositing the trunk when the skid was placed, and, according to the contention of the defendants, struck the door and dislocated or threw the door down and upon plaintiff.

It would thus seem that the plaintiff was inside of the building and depositing the trunk before the skid came in contact with the door and threw it off its fastenings. It is elementary law that the occupant or lessee of a dock or pier to which vessels are allowed or invited to make fast and to discharge or receive passengers or freight is bound to keep and maintain the same in a reasonably safe condition and free from defects dangerous to those engaged in or employed in

carrying on such business. (*Leary* v. *Woodruff*, 4 Hun, 99; affirmed, 76 N. Y. 617; *Swords* v. *Edgar*, 59 id. 28; *Wendell* v. *Baxter*, 78 Mass. 494–496; *Barber* v. *Abendroth*, 102 N. Y. 406; *Coughtry* v. *Globe Woolen Co.*, 56 id. 124.) The plaintiff was in the employment of the vessel which had just made fast to defendants' pier, and was about to discharge her cargo and passengers with their baggage upon defendants' pier and with defendants' consent. The defendants were engaged in a *quasi* public employment, but, whether public or private, the defendants were bound to have their pier and its machinery to be used in the discharge of freight and passengers in a reasonably safe condition, so as to enable the plaintiff and all others legitimately engaged in the business to discharge their cargo and passengers. Whether the doors or gates were properly constructed to secure safety, whether the principle on which they were constructed was reasonably safe, or, if so, whether the principle was operated with reasonable guards to secure safety, or whether the machinery had got out of order and become unsafe, was a question of fact for the jury to determine. Various kinds of evidence were introduced, such as the carpenters who constructed the gates and rollers and other fixtures used in the the operation of the gates, the practical operation of the same kind or similar apparatus in moving the gates upon other piers used in the same kind of business. There was evidence of the falling of these gates upon former occasions, and also evidence that this was the first that this gate or any gate upon this pier had fallen, and other evidence that the defendants were guilty of negligence. Such finding is conclusive in this case.

The plaintiff was called upon to show the defendants had knowledge that the doors or the machinery and fixtures were defective and unsafe. The method of showing that fact in this case was to show that John K. Bartlett, one of the partners, in carrying on this wharfage business (and one of the defendants in this action, but who died before its trial) knew of the gates falling by seeing the gate off its support and by being told of the fact by the witness Cavanaugh. I see no objection

to such testimony. It was proper to show not only what was said to John K. Bartlett, or what he said to any person in relation to the falling of the gate or any of them at any time before the accident, and while the gates and the manner of operating them remained the same. (*Chapman* v. *Erie R. Co.*, 55 N. Y. 579.)

At the close of the evidence the defendants' counsel presented to the court eight requests to charge the jury. Without making any ruling upon these requests the court proceeded to deliver his charge. At its close the defendants' counsel requested the court to charge upon two additional requests, which the court charged. The counsel then excepted to one instruction embodied in the charge as delivered. The case then shows that "the court refuses to charge defendants' requests except as already charged, and defendants' counsel takes an exception to the refusal to charge as to each and every one of said requests." It does not appear which of the requests had been charged, and, consequently, we are not advised as to which of the requests the exceptions apply.

To raise any question upon the ruling of the trial court for review in this court the exception must be specific, and point out the particular request to which it is intended to apply. (*Smedis* v. *Brooklyn, etc., R. R. Co.*, 88 N. Y. 14.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.