This action was brought to recover damages for the death of the plaintiff's infant daughter caused, upon the defendant's railway track, in the city of New York, through the negligence of the driver of the horses attached to one of its cars. At the close of the evidence the trial judge charged the jury, and there were many requests by both sides to charge, some of which were granted and some refused. After the charge was finished and the jury had retired, the counsel for the defendant excepted as follows: "To the granting of the requests on the other side, and a refusal to charge those of mine that were not charged;" and there was no other exception to the charge or refusal to charge.
It is conceded by the learned counsel for the defendant that this general exception was wholly insufficient to present any question for review in this court; and so we have uniformly held. (Smedis v. Brooklyn, etc., R.R. Co., 88 N.Y. 13; Newall v.Bartlett, 114 id. 399; Read v. Nichols, 118 id. 224.)
It is, therefore, not important to criticise the charge or to determine whether the trial judge committed any error therein. The case is before us precisely as if the whole charge had been omitted therefrom. The main exception, therefore, which presents any question of law to us is the one taken to the denial of the defendant's motion to dismiss the complaint on the ground that there was no negligence chargeable to the defendant, and that there was no proof of the absence of contributory negligence. We have read the evidence and are satisfied there was sufficient bearing upon the negligence chargeable to the defendant for submission to the jury. That fact being established, the defendant could defeat the plaintiff only by showing, the child being non sui juris, that her mother was negligent in permitting her to be in the street, and that fact being established, also that there was such conduct *Page 494 
on the part of the child contributing to the accident as would have defeated an action by her if she had been an adult. It was not negligence as matter of law for the mother of this child to permit her to be in the street, and so we have several times held. (McGarry v. Loomis, 63 N.Y. 104; Kunz v. City ofTroy, 104 id. 344; Birkett v. Knickerbocker Ice Co.,
110 id. 504.)
We will not repeat the evidence bearing upon the question of the mother's negligence. We will simply say that upon that evidence it was a question of fact for the jury to determine whether the mother was negligent in permitting this child to be in the street for a few minutes under the circumstances disclosed. That question having been determined in favor of the plaintiff, if there was any mere negligence on the part of the child contributing to the accident, that does not shield the defendant from liability, its negligence having been established.
The question of damages is not before us. There was sufficient evidence in the case upon the question of damages for the jury. (Houghkirk v. Del. Hud. Canal Co., 92 N.Y. 219.)
The exceptions to rulings upon questions of evidence point out no error, and need no particular attention.
The judgment should be affirmed, with costs.
All concur.
Judgment affirmed. *Page 495