89   75
156a 224
89h      75
e 77 AD 389
j 77 AD 390

ELWIN S. PIPER, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Requests to charge — exceptions to a refusal to charge, when insufficient.*

At the close of the judge's charge upon the trial of an action the defendant presented to the court twenty-eight requests to charge, some of which were charged and some refused. The defendant excepted to each of the charges made by the court at the request of the plaintiff, and to each qualification of those requests and to each refusal to charge either of the propositions requested by the defendant to be charged.

*Held,* that these exceptions were wholly insufficient to present any question for review.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of December, 1894, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order bearing date the 23d day of November, 1894, and entered in the office of the clerk of the county of Kings, denying the defendant's motion for a new trial made upon the minutes.

*Frederic A. Ward* and *Edwin D. Worcester, Jr.,* for ·the appellant.

*Joseph A. Burr,* for the respondent.

BROWN, P. J. :

This case was before the General Term of this department at the December term in 1893 upon an appeal by the plaintiff from a judgment in favor of the defendant, entered upon a dismissal of the complaint. The court then decided that the question as to the negligence of both parties was for the jury.

We do not think that the case has been materially changed upon the retrial and we adhere to the decision then made.

The learned judge who wrote the opinion upon the former appeal appears to have understood that the plaintiff fell from the rear door of the rear car of the train. The fact that he fell from the vestibule between two cars does not make inapplicable the rule of law

then applied or anything said in the opinion, and after a careful review of the testimony we think the case in all its aspects was for the jury.

At the close of the charge the defendant presented to the court twenty-eight requests, some of which were charged and some refused. The defendant excepted to each of the charges made by the court at the request of the plaintiff and to each qualification of those requests and to each refusal to charge either of the propositions requested by the defendant to be charged.

These exceptions are wholly insufficient to present any question for review. (*Smedis* v. *Brooklyn & Rockaway Beach R. R. Co.,* 88 N. Y. 22; *Newall* v. *Bartlett,* 114 id. 405; *Huerzeler* v. *C. C. T. R. R. Co.,* 139 id. 490.)

Other requests were made and exceptions taken to the rulings of the court, but they present no other question than that arising upon the motion to dismiss the complaint and need not be considered.

None of the exceptions to the rulings upon evidence are well taken, and the judgment must be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment and order affirmed, with costs.