N. E. 911; Honsinger v. Mulford, 90 Hun, 589, 35 N. Y. Supp. 986; Parmele Co. v. Haas, 171 N. Y. 579, 583, 64 N. E. 440. As already stated, the complaint disclosed fully the facts constituting a defense under the statute in this case. It was not possible in the answer to set up any new material matter upon that subject. The most that the pleader could do was to, as he in substance did, recapitulate and repeat the facts which had already been alleged in the complaint, and then aver that "said pretended agreement is void by the provisions of the statute commonly known as the 'Statute of Frauds.'" This latter allegation was of course merely of a conclusion of law. The issue presented upon the allegations of the complaint in this respect was one of law, and properly to be raised by demurrer and not by answer. The judgment and order should be affirmed with costs.

Judgment and order affirmed with costs. All concur.

---

(77 App. Div. 256.)

McKINLEY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. STREET RAILWAY—PEDESTRIAN—INJURY—MODIFICATION OF INSTRUCTION—ERROR.

Plaintiff testified that as he left the sidewalk he saw a truck on the street car track nearest him, and above the intersection of the streets; that he could see through the truck, and there was no car behind it; that as the truck turned into the cross-street, and plaintiff was near the track, a car rushed upon him; that he attempted to turn back, but it was too late. One witness testified that, as plaintiff approached the track, he looked straight ahead; and another swore that when he first saw plaintiff the latter was four or five feet from the track, with his head slightly bowed, and that he continued to walk forward in this manner until he was struck by the car. *Held*, that defendant's requested instruction that, if plaintiff failed to look for an approaching car, he was guilty of contributory negligence, was improperly modified by substituting, "Of course, if plaintiff was reckless,—failed to look up and down, heedless of the consequences,—and this car was in sight, * * * clearly he was guilty of negligence."

2. SAME—APPEAL—SUFFICIENCY OF EXCEPTION.

At the conclusion of a colloquy between court and counsel with reference to instructions, defendant's counsel addressed the court with respect to exceptions, and the court said: "You may take them after the jury have retired. Either side may do that." The jury retired, and defendant's counsel said: "Your honor will allow me an exception, in due form, to each request which is refused, and to each request which is modified?" The court responded, "Yes." *Held*, in view of the special permission given, the exception was sufficient to warrant the review of the modification of a certain requested instruction, notwithstanding its generality.

Appeal from trial term, New York county.

Action by William McKinley against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Charles G. F. Wahle, for respondent.

PATTERSON, J.   The plaintiff, while attempting to cross from
the west to the east side of Sixth avenue, at or near the southerly
cross-walk of Forty-First street, in the borough of Manhattan, in
the city of New York, was struck and seriously injured by an electric
car operated by the defendant's servants on the westerly track of the
defendant's road on that avenue.   He was walking forward, reached
the westerly rail of the track, but was not able to turn or retrace
his steps in time to avoid contact with the car.   There was evidence
to show that the car was proceeding at a very rapid rate of speed,
and that the motorman did not sound the gong or give warning as
he approached the cross-walk.   The plaintiff testified that when he
left the sidewalk at the curb he looked up and down; that there
was a truck on the westerly track above Forty-First street; that he
could see through this truck, which was an open one, and there
was no car behind it; that the truck turned into Forty-First street
to the west just as he (the plaintiff) was near the track, and the car
rushed upon him.   That there was a truck upon the track is con-
ceded, and that it turned out from Sixth avenue into Forty-First
street, going west, is also conceded; but it would seem from the
situation that the truck on the track concealed from the motorman
the presence of the plaintiff upon the street.

Some members of the court, upon the whole evidence, are of the
opinion that negligence of the motorman was not satisfactorily prov-
en; but, be that as it may, this judgment must be reversed for a
very serious error of the court in refusing to give the jury an instruc-
tion which the defendant was entitled to have charged.   While the
plaintiff himself testified to facts which might exonerate him from
the imputation of contributory negligence, there were two witnesses
whose accounts of his action at the time the accident occurred, if
accepted by the jury, would have shown that the plaintiff was negli-
gent, or failed to observe due and proper care under the circumstan-
ces.   One of those witnesses swore that as the plaintiff was ap-
proaching the track he was looking straight ahead, and another swore
that when he first saw the plaintiff the latter was four or five feet
from the westerly rail of the westerly track, with his head slightly
bowed; and the attention of this witness was particularly directed to
him by the fact that the plaintiff seemed to be either unconscious or
heedless of his surroundings, or where he was going or what he was
approaching, and that he continued to walk east from the west until
the collision with the car, and that there was no change in his atti-
tude with respect to his head, or the way he was looking.   With that
evidence in the case, the defendant requested the court to charge the
jury that:

"If the plaintiff failed to look for an approaching car, and was struck
by it as soon as he put one foot upon the track, he was guilty of con-
tributory negligence, and the verdict must be for the defendant."

The court refused to charge that, but modified it in the following
words:

"Of course, if the plaintiff was reckless,—failed to look up and down,
heedless of the consequences,—and this car was in sight, and he put his .

foot upon the track, clearly he was guilty of negligence; and the defendant is entitled to your verdict if you believe that to be the fact established in the case."

This modification of the request was erroneous. The defendant was entitled to have it charged as requested. Recklessness and heedlessness are not controlling elements. Negligence, not necessarily so gross as to be recklessness and disregard of consequences, was the proper test, and the instruction to the jury failed to present the question accurately and fairly. A witness had testified that the action of the plaintiff was such as to indicate that he was unconscious of his situation, as well as heedless; and that unconsciousness of his surroundings at the time must have been the result of inattention, but does not necessarily imply recklessness of consequences or indifference.

It is suggested, however, that the defendant cannot avail itself of this error, because of the insufficiency of the exception taken to the refusal of the court to charge. A great many requests to charge were presented by both sides, and they were ruled upon separately. At the conclusion of a colloquy between the court and counsel with reference to the charge, and the requests to charge of both sides, counsel for the defendant addressed the court with respect to exceptions, and the court said: "You may take them after the jury have retired. Either side may do that." Whereupon the jury retired. Then the defendant's counsel said, "Your honor will allow me an exception in due form to each request which is refused, and to each request which is modified?" To which the court responded, "Yes." An exception so very general, if simply taken and entered upon the record without the acquiescence of the court, might be unavailing. Where the court refused to charge defendant's requests, except as charged, and the defendant's counsel took an exception to the refusal to charge as to each and every one of said requests, the exception was held to be of no avail. Newall v. Bartlett, 114 N. Y. 405, 21 N. E. 990. So, in Read v. Nichols, 118 N. Y. 231, 23 N. E. 468, 7 L. R. A. 130, a statement made by counsel at the close of the charge that he excepted to the refusal to charge as requested, in so far as the court did refuse, and to each of the refusals to charge as requested, was held to be too general to raise any question of law on appeal. And to the same effect is Huerzeler v. Railroad Co., 139 N. Y. 493, 34 N. E. 1101. In Smedis v. Railroad Co., 88 N. Y. 14, at the close of the evidence numerous requests to charge were presented by the defendant's counsel, most of which were charged, and the court declined to charge "except as charged," and to that refusal as to each of the requests the counsel excepted. It was held that, if the court erred in refusing to charge one or more of the propositions requested, there is no sufficient exception to such refusal. It should have been specific, and should have pointed out each particular request to which it was intended to apply. But the rule deducible from those cases cannot be invoked here to deprive the defendant of its right to insist upon the error pointed out in the refusal to give the specific instruction above referred to to the jury. The principal office of an exception to a charge, or to the refusal of the court to charge, is to point out an error, if one exists, so

that an opportunity may be afforded to rectify it. Here there is not a mere perfunctory declaration of counsel that he takes a general exception, but, by a special application, leave was asked to take an exception in a certain form; and, it being entirely satisfactory to the court that it should be taken in that form, permission so to do was given. Thereby the trial judge indicated his willingness to have his rulings reviewed on such a general exception, and signified his purpose of making no change or alteration in those rulings, and indicated that he would abide by them.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

HATCH and LAUGHLIN, JJ., concur.

INGRAHAM, J. I concur in the reversal of this judgment upon the ground that the plaintiff failed to prove that he was free from contributory negligence. The plaintiff testified that he walked on the cross-walk on the south side of Forty-First street and Sixth avenue; that he saw a truck approaching, which at that time was just about the middle of the street, turning west into Forty-First street; that he then started to cross the track, and as he put his foot over the first rail the car struck him; that as he put his foot upon the track he noticed the car, and attempted to turn and jump back; that the car was right on top of him—about four or five feet away—when he first noticed it; that his left leg was then over the rail, and the right foot not yet over the rail; that, turning to jump back, he placed his back towards the car, and was struck by the car on the right hip. He further testified that he could have seen the car if there had been one coming on the track, but that there was no car in sight; that at the time he left the curbstone to cross Sixth avenue he was looking uptown the whole time. This was the evidence of the plaintiff, the principal actor. The fact that the car was within four or five feet of the plaintiff when he attempted to cross the track is conclusive evidence that the car was there. Assuming that the plaintiff looked as he said he did, and could see no car, it must have been hidden by the wagon that was on the track; and, if that was so, then it must follow that the view of the plaintiff was hidden from the motorman, as it would have been impossible for the motorman to see the plaintiff if the plaintiff could not see the car upon which the motorman was riding. The plaintiff stood in the street, within two feet of the track, and if he had waited but a moment, until the wagon was clear of the track, the car would necessarily have been in plain sight. The plaintiff, thus standing in a place of safety, attempted to cross the track either without looking after his view up the track was unobstructed by the wagon, or after he had seen the approaching car. In either event, he was guilty of contributory negligence.

I think, therefore, the complaint should have been dismissed, and for that reason the judgment should be reversed, and a new trial ordered.

VAN BRUNT, P. J., concurs.