·murrer should be reversed, with costs of this appeal, with leave, how-
·ever, to the defendant to answer the complaint within 20 days, upon
payment of the costs of this appeal.    Having reached this conclusion,
it follows that the order for the extra allowance should also be re-
·versed.

Judgment and order reversed, with costs, with leave to defendant to
.answer the complaint within 20 days, upon payment of the costs of this
.appeal and of the demurrer.

ADAMS, P. J., and WILLIAMS and HISCOCK, JJ., concur.
SPRING, J., not voting.

---

(77 App. Div. 384.)

### CONNOR v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   December 19, 1902.)

1. STREET CAR—COLLISION WITH VEHICLE—NEGLIGENCE—QUESTION FOR JURY.
   Evidence examined in an action for injuries received while riding on
   the rear of a truck passing along defendant's street car tracks by reason
   of a car overtaking the truck and colliding with it, and *held* sufficient to
   take to the jury the question of defendant's negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Whether plaintiff, who was injured while riding on the rear of a
   truck passing along defendant's car tracks by reason of a car overtaking
   the truck and colliding with it, was guilty of contributory negligence,
   *held*, under the evidence, to be for the jury.

3. SAME—INSTRUCTIONS—INVADING PROVINCE OF JURY.
   In an action for injuries received while riding on the rear of a truck
   passing northward along defendant's car tracks by reason of a car over-
   taking the truck and colliding with it, an instruction that, if the north-
   bound motorman, by the exercise of reasonable care, could have seen
   that there was danger of a collision between a south-bound car and the
   truck, and still kept his car up to within a few feet of the truck, so that
   the truck was driven back into his car, then he was negligent, was re-
   versible error, because charging, as matter of law, that, if the jury found
   the facts, then the motorman was negligent, which was a question for the
   jury in view of all the circumstances.
   O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action by Raymond Connor, an infant, by his guardian, etc., against
the Metropolitan Street Railway Company.   From a judgment for
plaintiff, and from an order denying a motion for a new trial, defendant
.appeals.    Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
I. Newton Williams, for respondent.

McLAUGHLIN, J.   This action was brought to recover damages
for personal injuries alleged to have been caused by defendant's neg-
ligence.   The plaintiff, on the 4th of August, 1899, then about 14
years of age, was injured by a collision between one of defendant's
cars and a truck on which he was riding.   The testimony on the part

of the plaintiff, so far as it relates to the collision, tended to show that the plaintiff sat on the rear of the truck, which was going in a northerly direction on defendant's tracks, and while in this position one of· the defendant's cars came up behind and collided with it; and, before he had any chance to escape, and without any fault on his part, he sustained the injuries complained of. The testimony on the part of the defendant tended to show that as the car came up behind the truck the motorman of the car signaled for the driver of the truck to leave the tracks, and in obedience thereto he did commence to leave the tracks; that while in the act of doing so the horse attached to the truck, or else the truck itself, come into collision with one of defendant's south-bound cars, and by reason thereof the truck was forced back against and came in collision with the north-bound car, and thus the plaintiff was injured. It matters little which contention be taken as the true one, it is quite clear a question of fact was presented as to defendant's negligence, as well as the contributory negligence of the plaintiff, and we should have no hesitancy in affirming the judgment were it not for an error in the charge. The trial court, at plaintiff's request, charged the jury:

"If the north-bound motorman, by the exercise of reasonable care, could or should have seen that there was danger of a collision between the south-bound car and the van, and yet kept his car up to within a few feet of the van, so that the van was driven back into his car, then he was negligent."

The defendant excepted to the instruction thus given, and we think the exception well taken. If the jury found that the facts stated in the request were established by the evidence, then it was for them to say whether or not such facts constituted negligence on the part of the motorman, taking into consideration all of the facts and circumstances surrounding the collision. It was error for the court to charge, as matter of law, that, if they found such facts, then the motorman was negligent. Kellegher v. Railway Co., 171 N. Y. 309, 63 N. E. 1096. It would seem as though the motorman would have a right to assume, when the driver of the truck started to leave the tracks, that he would do so in such a way as not to collide with one of the defendant's cars going in an opposite direction. This would certainly be the natural inference, and one which a reasonably prudent man would have the right to make; and the fact that he acted upon this assumption by bringing his car close to the truck, so that he might proceed with it as soon as the truck had left the tracks, did not make him negligent per se. At most it was for the jury to say whether or not his act was a negligent one. That the defendant was prejudiced by this instruction was sufficiently evidenced by the verdict rendered.

For the error thus committed, the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs.

INGRAHAM, J. I concur with Mr. Justice McLAUGHLIN, and only wish to call attention to the exception necessary to justify a review of the charge to the jury. In this case, after the charge was finished,

the court said that he had been requested by the defendant to charge certain propositions, which he charged, and "on behalf of the plaintiff I will charge the requests one, two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen, and fourteen. Fifteenth, sixteenth, and seventeenth I decline to charge, to which you are entitled to an exception." The requests that the court charged are then stated in the record, which included the tenth request. Counsel for the defendant then, after excepting to specific portions of the charge, said: "I except to your honor's charging the following requests to charge made by the plaintiff: First, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth, and fourteenth." Here the court specifically charged the tenth request made by the plaintiff, and the defendant specifically excepted to the charge of that request.

By section 995 of the Code of Civil Procedure it is provided that an exception must be taken at the time when the ruling is made, unless it is taken to the charge given to the jury; in which case it must be taken before the jury have rendered their verdict. This exception comes within the last clause of this section, as it was an exception taken to the charge of the court to the jury, and upon the record it appears to have been taken before the jury had rendered their verdict. It was taken to a specific charge made at the request of the plaintiff, and the exception specified the particular request that the court had charged to which the defendant excepted. It is undoubtedly the rule that, to entitle a defeated party to review a proposition contained in a charge to the jury, there must be a specific exception to the charge, so that the attention of the court is directed to the express proposition to which counsel desires to except; or, where there is a refusal to charge a request, there must be a specific exception to the ruling of the court refusing to charge the specific request. A general exception to the charge, without specifying the particular proposition to which it is desired to except, manifestly raises no question upon a review of the judgment; nor where several requests to charge have been presented, to some of which the court has acceded and to others refused, does a general exception to the refusal to charge as requested present a question for review. Such an exception is too general. In Smedis v. Railroad Co., 88 N. Y. 14, at the close of the evidence, counsel for the defendant presented to the court 15 separate requests to charge. The court charged substantially as requested, and then at the close of the charge declined to charge except as already charged; to which refusal as to each of such requests the defendant's counsel then and there excepted. The court said:

"We think, for the reason stated, that the court properly disposed of the questions raised by these requests to charge. But if the court erred in refusing to charge one or more of the propositions as requested, there is no sufficient exception to such refusal. It is well settled that, where several requests to charge are submitted to the court, some of which are charged as requested, some charged in a modified form, and others not charged, an exception taken in the form in which it appears in this case cannot be sustained. The exception must be more specific, and point out the particular request to which it is intended to apply."

In Newall v. Bartlett, 114 N. Y. 399, 21 N. E. 990, it appeared that at the close of the evidence the defendant's counsel represented to the court eight requests to charge the jury. Without making any ruling upon these requests, the court proceeded to deliver his charge. At its close the defendant's counsel requested the court to charge upon two additional requests, which the court charged. The counsel then excepted to one instruction embodied in the charge as delivered. The case then shows that the court refused to charge the defendant's requests, except as already charged, and the defendant's counsel took an exception to the refusal to charge as to each and every one of said requests. The court say:

"It does not appear which of the requests had been charged, and, consequently, we are not advised as to which of the requests the exceptions apply. To raise any question upon the ruling of the trial court for review in this court, the exception must be specific, and point out the particular request to which it is intended to apply."

In Read v. Nichols, 118 N. Y. 224, 23 N. E. 468, 7 L. R. A. 130, it appeared that at the close of the evidence the counsel for the plaintiff presented to the court 13 separate requests to charge. Some were charged as requested, some were charged in a modified form, and others refused. At the close of the charge counsel stated that he excepted to the refusal to charge as requested by plaintiff's counsel in so far as the court did refuse, and to each of the refusals to charge as requested. It was held that this exception was not sufficiently definite and specific to present a question for review.

In Huerzeler v. Railroad Co., 139 N. Y. 490, 34 N. E. 1101, it appeared that at the close of the evidence the trial court charged the jury, and there were many requests by both sides to charge, some of which were granted and some refused. After the charge was finished, and the jury had retired, counsel for the defendant excepted to the granting of the requests on the other side, and a refusal to charge those of the defendant's counsel. There was no other exception to the charge or refusal to charge, and it was said:

"It is conceded by the learned counsel for the defendant that this general exception was wholly insufficient to present any question for review in this court, and so we have uniformly held,"—citing the cases to which attention has been called.

To the same effect is Piper v. Railroad Co., 89 Hun, 75, 34 N. Y. Supp. 1072. This last case was reversed by the court of appeals (156 N. Y. 224, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560), but that reversal was upon the ground that the plaintiff was guilty of contributory negligence, and for that reason it was held that the complaint should have been dismissed.

The rule to be adduced from these cases requires that a party excepting to a charge to a jury must, by some exception, point to the specific proposition which the court has charged or refused to charge, or to a specific ruling on a refusal to charge to which counsel supposed himself entitled. Where several requests are made, some of which are charged and some refused, the attention of the court must be called to the ruling refusing a specific request by an exception taken to that ruling. An exception generally to the refusal of the court

to charge as requested is not sufficiently specific. In McKinley v. Metropolitan St. Ry. Co. (decided herewith) 79 N. Y. Supp. 213, after the requests to charge had been presented on both sides, they were ruled upon separately, and when counsel for the defendant asked the court, "And now, with respect to exceptions to those portions of your honor's charge," the court, interrupting, said: "You may take them after the jury have retired. Either side may do that." After the jury retired, counsel for the defendant said, "Your honor will allow me an exception in due form to each request which is refused and to each request which is modified," to which the court answered, "Yes"; and we hold that this request was so general, if simply taken and entered upon the record without the acquiescence of the court, it might be unavailing; but that, the court having interrupted counsel when about to take specific exceptions, subsequently gave him an exception to the refusal of the court to charge his requests, that method being acceptable to the court, and entered in the record as such, it was sufficient to raise the question as to the right of the defendant to have his specific requests charged which the court had refused to charge. We wish to call attention to this rule that, to entitle counsel to review a charge as actually made, there must be a specific exception to the portion of the charge which is claimed as error, sufficiently definite to call the attention of the trial judge to the specific portion of the charge excepted to, and that, where it is sought to review the refusal of the court to charge a request, there must be a specific exception to the refusal to charge the particular request; that a general exception to the refusal to charge as requested by the party taking the exception does not present a question for review on appeal, unless the court directs such course to be pursued, and authorizes the entry of the exception to be made in that form.

HATCH, J., concurs.

O'BRIEN, J. (dissenting). I am unable to concur in the conclusion reached by the majority of the court in this case, because, under the authorities, I think the exception upon which the case is reversed is not properly before us for consideration, and therefore is not available. At the conclusion of the charge to the jury some 17 requests were presented by the plaintiff, and the trial judge stated those which he would charge and the numbers of those he declined to charge; these latter not appearing in the record. The defendant then made certain requests, and finally, just before the case went to the jury, the defendant's counsel said: "I except to your honor's charging the following requests to charge made by the plaintiff: First, second, * * * tenth, eleventh," etc. In this way only was any exception taken to the tenth charge, which is the one in question. In Passey v. Craighead, 89 Hun, 76, 35 N. Y. Supp. 36, the court said:

"At the close of the charge the defendant presented to the court twenty-eight requests, some of which were charged and some refused. The defendant excepted to each of the charges made by the court at the request of the plaintiff, and to each qualification of those requests, and to each re-

fusal to charge either of the propositions requested by the defendant to be charged. These exceptions are wholly insufficient to present any question for review."

And in the opinion written by Mr. Justice McLaughlin in Benedict v. Deshel (herewith handed down) 79 N. Y. Supp. 205, it was held that, where a number of requests were made by the plaintiff, and refused by the court, and the plaintiff's counsel said, "I except to each of your honor's refusal to charge my several requests," the exception was not so taken as to present any question for review. The only difference between the form of the exception in that case and the case at bar is that here the numbers of the requests were mentioned; but this did not point out any particular misstatement, so as to afford the trial court the opportunity to correct any error, and it is the failure to so specify the objection made to the refusal that constitutes the vice in such exceptions.

I think, therefore, that the judgment appealed from should be affirmed, with costs.