### JONES et al. v. HOADLEY et al.

(Supreme Court, Appellate Division, First Department.   November 23, 1906.)

TRIAL—INSTRUCTIONS—SUFFICIENCY OF EXCEPTION.

> Where, in an action in which plaintiff sued J., H., and L. on a con-
> tract made by J. on the theory that the three defendants were members
> of a "pool" for which the contract was made, and J. defaulted, and
> testified that all three were members of the pool, and the others denied that
> they were members, and the court in its main charge repeatedly said
> that the issue was whether or not there was a pool of the three de-
> fendants, and stated that under J.'s theory of the case there was a
> joint liability, and on "my theory of the law in this case there must be
> a verdict against these three defendants, or there must be a verdict
> against J. alone," and plaintiff then stated that he had no requests to
> ask, but, after the court had given several requests of defendant, plain-
> tiff stated that he had no exceptions to the main charge, "but I except
> of each of the propositions   *   *   *   charged on the requests of de-
> fendants," he cannot take advantage, by such vague and general ex-
> ception, of the request charged, that "on the evidence in this case, defend-
> ants L. and H., if liable at all, are liable jointly, and the jury are not
> authorized to find a verdict in favor of defendant L. and against de-
> fendant H.," which was but a repetition of statements in the main charge,
> which plaintiff had approved and accepted.
>
> Houghton and Patterson, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Willard H. Jones and another against Joseph H. Hoadley
and others.   From a judgment on a verdict for defendants, and from
an order denying a motion for new trial, plaintiffs appeal.   Affirmed.

Argued before PATTERSON, INGRAHAM, CLARKE, HOUGH-
TON, and LAUGHLIN, JJ.

Edmund L. Mooney and Choate, Hanford & Laroque (S. Hanford,
of counsel), for appellants.

Alton B. Parker and Gifford, Hobbs, Haskell & Beard (James M.
Gifford and Anson McCook Beard, on the brief), for respondent Leiter.

James S. L'Amoreaux (George S. Graham, of counsel), for respond-
ent Hoadley.

CLARKE, J.   The complaint alleges that prior to March, 1902, the
defendants entered into an agreement with each other whereby they
formed a combination, known as a "pool," for the purpose of practi-
cally controlling the market price of International Power Company's
stock, whereby it was agreed that the whole or greater part of the trans-
actions should be conducted in the name of the defendant Judson in-
dividually, and that he should employ all brokers in his own name, but
for the benefit of all the defendants jointly; that in pursuance of such
arrangement the defendant Judson, in his own name, but on account of
himself and his said associates, employed the plaintiffs to carry on cer-

tain transactions in said stock; and that as a result thereof the plaintiffs bought certain stock upon the order of Judson, for which he failed to pay, whereupon the plaintiffs duly sold the said shares at a certain loss, and for said loss they brought this action. The action was tried throughout upon the theory that there was a pool or copartnership, consisting of the three specified individuals, Judson, Hoadley, and Leiter. Judson defaulted in answering and was the principal witness for the plaintiffs, and he testified positively to the existence of this pool of three and to the purchases and transactions made on its account. There was no other issue in the case. There was no dispute as to the amount of the stock bought, the price at which it was bought, the price at which it was sold, or the amount of the recovery which should be had, if any.

The question was: Did the pool, consisting of these three men, exist, and was the stock in issue in this case bought for the account of said three men in said pool? The learned court charged in the most emphatic way and in various forms as to what the issue was; for instance, as follows:

"If, however, at the time the defendant Judson gave to the plaintiffs the orders for the purchase of these shares of stock in question, there was in fact a pool existing between these three defendants, and the orders were given by Judson, pursuant to his authority as a member and a broker for the pool, to the plaintiffs, the defendant Leiter, as well as the defendant Hoadley, are liable to the plaintiffs, if the pool was for the purpose and upon the conditions which the defendant Judson has testified to. In other words, to make the meaning clearer: If there was in fact a pool existent of which these three defendants were members, and they had authorized the defendant Judson to buy certain stocks for their benefit and on account of the pool, and if, exercising his discretion, he had bought these shares of stock for the pool from the plaintiffs, and had so instructed the plaintiffs when he bought the shares of stock or gave the orders for the purchase of these shares of stock, the defendants would all be liable, even though the ostensible, open connection with the order was only that of the defendant Judson himself. It all resolves itself again into the original proposition: Was there a pool existent in the months of March and April, 1902, for the purpose of trading in this International Power stock, and was that pool composed of these three defendants? The liability of these defendants, if there was a pool, is joint to the plaintiffs. * * * To recapitulate the proposition with respect to these defendants, that there may be no question as to the view that I take upon the law, and that the parties, if they are aggrieved thereby, may have an exception in the most clean-cut manner, the plaintiffs claim that there was a pool between three— Judson, Leiter, Hoadley. To substantiate that claim they produce, in addition to such other testimony as there may be in the case, the defendant Judson himself, who swears to a pool between those three, existent in the months of March and April, 1902. The defendants deny the existence of any pool between the three of them at that time. And there is the clean-cut issue. Under Judson's theory of this pool arrangement there was a joint liability, and on my theory of the law in this case there must be a verdict against these three defendants, or there must be a verdict against Judson alone. If there was a pool, as Judson claims, it inures to the plaintiffs' benefit, and the three are held. If there was no pool, but Judson was pursuing his private business in these purchases, he alone is personally liable."

Here was asserted in the plainest language, and reiterated in the strongest fashion, for the express purpose, as the court said, of allowing to the party aggrieved an exception in the most clean-cut manner, the theory of the case, as it had been developed by the evidence and the

arguments of counsel, as it appeared to the learned judge trying it. No one listening to the charge could entertain a doubt as to the view of the court upon the issue as presented by the facts and upon the law.

At the conclusion of the main charge, the court said to the counsel for the plaintiffs, "Have you any requests?" to which that counsel answered, "No, sir; I have not." By that answer he announced his approval of the theory of the case and the issue as announced by the court. If he had objection thereto, then was the time clearly to state it, in order that the court might pass upon it. The record shows that the court then proceeded as follows: "I charge at the request of the defendant Hoadley;" and there follow eight requests, with the rulings of the court and modifications. Then said counsel for the plaintiffs: "I have no exceptions to your honor's main charge." So, again, we have the counsel for the plaintiffs in the most formal manner approving the propositions, as laid down by the court, that the clean-cut issue was whether a pool composed of Judson, Leiter, and Hoadley did exist, and, if it did, then that all three defendants were jointly liable. Counsel then proceeded:

"But I except to each of the propositions which your honor has charged upon the requests of the defendants."

The seventeenth request was as follows:

"Upon the evidence in this case, the defendants Leiter and Hoadley, if liable at all, are liable jointly, and the jury are not authorized to find a verdict in favor of the defendant Leiter and against the defendant Hoadley."

And the court proceeded, after charging that request, to say:

"Which amplifies, or which condenses, what I said to you before. The theory of the plaintiffs is that the three of them were in this pool upon equal shares. The defendants Hoadley and Leiter deny they were in the pool at all. The defendant Judson says the three of them were in the pool. If you believe the defendant Judson, the three defendants are liable. If you believe the defendants Leiter and Hoadley, none of them is liable except Judson, who acted as the broker in giving these orders."

The plaintiffs, appellants, now complain of that charge of the court, upon the ground that they were entitled to have the jury pass upon the question whether either of the defendants Hoadley or Leiter was in the pool, and therefore responsible for damages, as well as whether or not they were both jointly liable. The difficulty about our considering that question is, as I view the record, that it is in reality raised for the first time in this court. The plaintiffs were very glad to get an instruction from the court as to the joint liability of Hoadley and Leiter, for it is quite evident upon this record that there is far more evidence which might be viewed as tending to establish Hoadley's connection with the transaction than there is as to Leiter's, for Leiter appears to have been out of the country during most, if not all, of the time of these transactions, and his personal participation therein was of the slightest; and so, when the court in its main charge said over and over again that under the evidence in the case the issue was whether or not there was a pool consisting of these three defendants, he not only stated the fact as the evidence did disclose it, but to the entire satisfaction of the plaintiffs, as is evidenced by the statement of their counsel that

they had no requests to make and had no exceptions to the main charge. As I read the evidence, there is no testimony by any of the plaintiffs' witnesses to establish any other claim than that of the existence of a pool composed of these three particular people. Judson, an alleged member of it, swore to it directly, and all the evidence was introduced for the purpose of establishing that particular fact, and no other. In view of the repeated presentation of this issue in the main charge, and the plaintiffs' acquiescence therein, he cannot be allowed to take advantage, by a vague and general exception "to each of the propositions which your honor has charged at the request of the defendants," of that particular request which was a mere repetition of a number of statements in the main charge which counsel had approved and accepted. It was his duty, if he did not agree with the view of the court, to have called its attention, under the circumstances disclosed by this record, to the precise point, and to have asked the court to charge that a verdict might be brought in as against one of the defendants, even if the jury were not satisfied that both could be held.

I am of the opinion that not only does he take nothing by his exception, for the reasons pointed out, but that upon the evidence the court was entirely justified in its charge. Nothing else was being tried but the existence of a pool of these three men; and, if the evidence did not sustain that, it could not be made to sustain anything, because it was direct, specific, and confined to that one issue. It was that or nothing. At any rate, the plaintiffs so considered it and were abundantly satisfied with the charge.

I think the judgment and order should be affirmed, with costs and disbursements to the respondents separately.

INGRAHAM and LAUGHLIN, JJ., concur.

HOUGHTON, J. (dissenting). I dissent from the conclusion reached by the majority of the court. It is true there is much to be said respecting the acquiescence of plaintiffs in the law as laid down by the court in its principal charge. I do not think, however, the plaintiffs so far committed themselves to an erroneous theory of the trial as now to preclude them from taking advantage of an erroneous charge of the court, made at the request of one of the defendants, to which an exception was properly taken.

At the conclusion of the main charge, after inquiring of plaintiffs' counsel whether he had any requests and ascertaining that he had not, the court took up the requests of the defendant Hoadley, and charged, amongst others, the eleventh, the thirteenth, the fourteenth, and the seventeenth—the thirteenth in the exact language requested, the fourteenth only partially, and the other two with amplifications. After the court had concluded with these requests, the plaintiffs' counsel said:

"I have no exceptions to your honor's main charge, but I except to each of the propositions which your honor has charged upon request of the defendants."

I understand the court to be unanimous in the conclusion that, as to the actual requests of the defendants which the court charged, the

exception was sufficient. The exception was practically in the same form as that upheld by this court in Connor v. Metropolitan Street Railway, 77 App. Div. 384, 79 N. Y. Supp. 294, and was more specific than the exception which was deemed sufficient in Hayes v. Brush & Denslow Manufacturing Co., 102 N. Y. 648, 5 N. E. 784. The form of the exception being sufficient, the only question is whether there was anything in any of the requests charged which made it good.

The seventeenth request, which the court charged, was as follows:

"Upon the evidence in this case the defendants Leiter and Hoadley, if liable at all, are liable jointly, and the jury are not authorized to find a verdict in favor of the defendant Leiter and against the defendant Hoadley."

I suppose it will be conceded that as an abstract proposition, in an action brought to charge several individuals with liability for breach of an alleged partnership contract on the ground that they were members of the copartnership firm making the contract, such a charge would be erroneous. It frequently happens that a contract is entered into with an individual or with a copartnership firm, and that other persons are charged with being members of the firm and are sought to be held liable on the contract. If enough can be shown to prove that two or more individuals were in fact partners, although unknown to the other contracting party, they may be held liable if the contract was made in relation to the partnership business and for the benefit of the copartnership. In such a case the issue is, who were members of the copartnership? Many may be charged with being members, and the proof show that only two or three ever entered into any partnership agreement. In order to bring all the alleged partners into court, and have the issue tried as to who constituted the partnership firm, the plaintiff must allege and seek to prove that all had entered into a partnership. He is not defeated in his action, however, if one escapes, or two escape, if his proofs show that two or more entered into such an agreement.

Such was the situation in the present case. The complaint alleged, upon information and belief, that the three defendants, Judson, Hoadley, and Leiter, entered into an agreement whereby they formed a combination, known as a "pool," for the purchase and sale of International Power stock, to be conducted in the name of defendant Judson individually; he giving direction to brokers, and the profits to be equally divided. This was, in effect, an allegation that these three had entered into a copartnership agreement. Hoadley and Leiter each denied that they ever entered into any such agreement, or that they were members of any such combination. Judson testified they did so agree; and certain facts and circumstances were proved tending to corroborate his testimony as to one or both. Hoadley and Leiter each testified, contradicting Judson, and attempted to explain the circumstances corroborating his testimony. The issue of the trial was, not what was the character of the liability of the parties to the partnership agreement, or of the members of the "pool," but rather whether any agreement to form a partnership "pool" was made, and, if so, who were the parties that entered into such an agreement. It was not necessary that three persons should so agree. Two might have done so. The "pool," if any there was, may have been composed of Judson and Hoadley, or

Judson and Leiter, or of all three. When it was ascertained who constituted its members, then the law took care of their liability, and made it joint. The test was whether there was any "pool" at all, or any partnership agreement, and, if there was, who constituted it or who entered into the agreement.

Judson testified that both Hoadley and Leiter were members with himself. The jury were at liberty to believe this, or they might have found, from facts and circumstances which they deemed corroborative, that his testimony was true as to Hoadley, and that he was mistaken or untruthful as to Leiter, or that such facts and circumstances pointed to the fact that Leiter alone made the agreement with him, and that Hoadley did not. The rendering of a verdict in accordance with such conclusion as they might reach in this respect was not prevented by the fact that these plaintiffs alleged and attempted to prove that all three of the defendants made the agreement. The allegation might have been on information and belief that several persons so agreed, and it would have been entirely proper for such defendants as could to extricate themselves by proving that they had no connection with any such agreement; and it would have been entirely proper for the jury to render a verdict in favor of some defendants and against others. The liability of those against whom the verdict might be rendered would be joint; but it would be entirely within the province of the jury to say which defendants in fact did make the agreement which fastened such liability upon them.

The request as charged was not only abstractly erroneous, but it was erroneous as applied to the facts of this case, and requires a reversal of the judgment, unless the plaintiffs did something which precludes them from now taking advantage of the error. Confessedly, all they did do was to permit the main charge of the court to go unchallenged. In his charge the court nowhere expressly told the jury that they had a right to find a verdict against Judson and Hoadley alone, or against Judson and Leiter alone. The nearest he came to so instructing them was when he said:

"Under Judson's theory of this 'pool' arrangement, there was a joint liability; and on my theory of the law in this case there must be a verdict against these three defendants, or there must be a verdict against Judson alone."

I concede that this language comes very close to the request, and that technically it would have been better had the plaintiff's counsel excepted to it. When, however, it was repeated in the intensified form of the request, he did take an exception. If a court repeats an erroneous charge, an exception is not necessary as often as the charge is repeated. One exception is enough. The plaintiff took an exception to the last word of the court to the jury on this subject, and it seems to me thereby did enough to save their rights and entitle them to a reversal of this judgment. There was nothing in the amplification of the request which modified it, and so cured the error.

I do not think there was any error in charging the other specific requests of the defendants. There was, however, error in the amplification of the eleventh request, wherein the court, in effect, told the jury

that plaintiffs could not recover unless, at the time the transaction was had, they were apprised that Judson was dealing in behalf of the "pool" or partnership of which Hoadley and Leiter were members. The theory of the trial court seems to have been that Hoadley and Leiter were not liable, unless Judson had informed the plaintiffs, when he bought the shares of stock, that a "pool" or partnership existed, of which Hoadley and Leiter were members; and he so instructed the jury in his main charge. This was an erroneous view of the law. If Judson was in fact dealing with the plaintiffs in behalf of the "pool" or partnership, and in pursuance of an existing partnership agreement entered into between himself and Hoadley and Leiter, or either of them, and the stock was actually bought on account of such partnership or "pool," it was immaterial whether or not plaintiffs were advised that such an agreement of partnership existed. The whole theory of the law permitting recovery against undisclosed partnerships and hidden partners is that the person contracting did not know that there was in fact a partnership, or who constituted it. If one member of a concealed partnership has dealings respecting the partnership business, and breaks his contract, the actual partners, although unknown to the other contracting party at the time the transaction is had, are liable for the breach. Knowledge of the existence of the partnership at the time of the dealing is not essential, if the partnership in fact exists and the dealings are concerning its business. Reynolds v. Cleveland, 4 Cow. 282, 15 Am. Dec. 369; Ontario Bank v. Hennessy, 48 N. Y. 545; Cashman v. Lawson, 73 App. Div. 419, 77 N. Y. Supp. 142.

I do not think, however, that the plaintiffs raised this point by sufficient exception. The fact that this error was committed, to the manifest prejudice of the plaintiffs, furnishes a reason why the court should be alert in preserving their rights respecting any other errors upon which it can properly pass.

The judgment should be reversed, and a new trial granted.

PATTERSON, J., concurs.